ROGERS v. PORT CITY BARBER & BEAUTY SUPPLY CO., Inc., et al.

No. 10938.

Court of Civil Appeals of Texas. Galveston.
Feb. 21, 1940.

Rehearing Denied March 14, 1940.

Escar R. Wren, of Houston, for appellant.

Reid & Strickland, of Goose Creek, for appellee, Joe E. Lee.

H. A. Crawford, of Houston, for appellee Port City Barber & Beauty Supply Co., Inc.

CODY, Justice.

Appellee, Port City Barber and Beauty Supply Company, as plaintiff, brought this suit against appellant, W. B. Rogers, and appellee, Joe E. Lee, alleging in substance that on April 13, 1938, Lee sold to Rogers for the sum of $746, payable at the rate of $25 per month, an undivided half interest in the fixtures and equipment of a certain barber shop, and retained a mortgage to secure the payment thereof; that Lee assigned said contract to said appellee, who was plaintiff below, and guaranteed the payment thereof; that on October 25, 1938, Lee failed to make payment, and that plaintiff, within the terms of said contract, accelerated the balance due, and asked recovery thereof from Lee only. Lee asked for judgment over against Rogers, if any judgment was obtained against him. Rogers answered with a general demurrer and general denial.

At the conclusion of the evidence introduced by plaintiff, the court heard argument on a general demurrer to the sufficiency of plaintiff's petition, not to the sufficiency of plaintiff's evidence, to sustain the allegations of the petition. We quote the following language which the statement of facts concludes with: "The Court: Let the record show after the introduction of the evidence by plaintiff and the plaintiff rested, that Mr. Wren (appellant's attorney) urged his demurrer and the Court read the pleadings and turned to Mr. Reid (Lee's attorney) and inquired if Mr. Reid had read the pleadings carefully and he stated that he had, and he thought that no judgment could be rendered against the defendant, Lee, by virtue of the fact that Lee was the guaran-

**220**

tor, and no judgment was sought against the original obligor. The Court then stated: Gentlemen, I think you are right about that." Whereupon Mr. Crawford moved for a non-suit, which was granted over defendant Rogers' objection.

By Art. 2182, a plaintiff is given a statutory right to take a non-suit, when the case is tried before a judge, at any time before the decision is announced.

We think it clear that no decision had been announced at the time plaintiff notified the judge that he was taking a non-suit. As used in the article the word decision means deciding the case for or against one of the parties. The sustaining of a general demurrer is not such a decision; according to general practice a plaintiff takes leave to amend when a general demurrer is sustained to his petition. The usual formula in an appeal of a case where a general demurrer has been sustained runs "and plaintiff refusing further to amend, the court rendered judgment dismissing the cause", etc. Circumstances can be imagined where it would not be an abuse of discretion for a court to refuse a plaintiff leave to amend a petition to which a general demurrer had been sustained, but ordinarily, the court will grant such leave as of course.

We believe no good purpose will be served by discussing cases where a plaintiff notified the court he will take a non-suit after the court has sustained a demurrer to the evidence, by announcing that he has decided to instruct a verdict in defendant's favor. An instructed verdict is decisive of a case, and unless such action is reversed the cause of the party against whom such instruction is rendered is barred by a plea of res adjudicata. But where a general demurrer to a petition is sustained, the plaintiff may replead. And should we reverse and render the action of the trial court on this appeal, the plaintiff could, of course, by pleading his cause so as to. be good against a general demurrer, refile, and have the right to a trial on the merits, just as is the situation now. Clearly, where the situation is such that an affirmance or reversal of the action of the trial court appealed from will leave the parties' rights unaffected, such action was not a decision of the case.

Under these conclusions it becomes our duty to affirm the judgment of the trial court; it will be so ordered.

Affirmed.