**BORG WARNER CORPORATION,**
Appellant,

v.

**WHITE MOTOR COMPANY,** Appellee.

**No. 21055.**

United States Court of Appeals
Fifth Circuit.

April 19, 1965.

Rehearing Denied June 8, 1965.

Blake Tartt, Sam H. Hood, Jr., James B. Sales, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., for appellant.

B. Jeff Crane, Jr., Houston, Tex., for appellee.

Before WISDOM and GEWIN, Circuit Judges, and HANNAY, District Judge.

GEWIN, Circuit Judge:

This is an appeal by the Borg Warner Corporation (Borg) from a judgment of the District Court awarding indemnity against it in favor of appellee, White Motor Company (White). The case was tried by a jury upon special interrogatories. Rule 49(a) F.R.Civ.P. The sole but by no means uncomplicated question before us is whether the District Court erred in awarding full indemnity to

White in the light of the jury's answers to the special interrogatories.

Briefly, the facts may be stated as follows: On February 28, 1960, E. A. Beddoe, a driver for Atlas Truck Lines, was injured when the flywheel and clutch pressure plate of the truck he was driving disintegrated. The truck, a 1960 Reo Motor Truck, was designed and assembled by White. The clutch was manufactured and supplied to White by Borg. Beddoe, Atlas, and American Fidelity and Casualty Company (the intervening compensation insurer), sued White. White then filed a third party action against Borg alleging negligence and seeking indemnity. Since White sought only indemnity against Borg, the question of contribution is not before us.

In answer to the interrogatories, the jury found White guilty of negligence (1) in failing to provide proper specifications and design for the Reo Truck *and its components*; and (2) in failing to determine the suitability of the Model 14 RT clutch for use in the Reo truck. It also found Borg guilty of negligence (1) in failing properly to inspect the clutch plate; (2) in failing properly to test the clutch plate; and (3) in failing to determine the suitability of the Model 14 RT clutch plate for use in the Reo truck.[1] The jury also found that *each* of these acts of negligence by the respective parties was a proximate cause of the accident, but that *none* of the acts of negligence of either party was the *sole proximate cause*. The plaintiffs recovered $40,182.75, and the District Court gave White full indemnity against Borg, who appeals from that award.

The parties do not contest the jury's conclusion that they both owed certain duties to the injured parties and that their breach of these duties resulted in the injury to the plaintiffs. Rather, the controversy relates to the right of indemnity as between White and Borg. This brings us to a consideration of the principles underlying indemnity; the duties and obligations, if any, existing between White and Borg; and whether there has been a breach of such duties and obligations. The test for determining the right of one tortfeasor to recover indemnity from a co-tortfeasor was stated by the Texas Supreme Court in Austin Road Co. v. Pope, 147 Tex. 430, 435, 216 S.W.2d 563, 565 (1949), as follows:

> "In order to determine whether the loss should be shifted from one tortfeasor to another the proper approach is to consider the one seeking indemnity as though he were a plaintiff suing the other in tort, and then determine whether such a one as plaintiff, though guilty of a wrong against a third person, is nevertheless entitled to recover against his co-tortfeasor. * * *

> "Consequently, as between themselves, either tortfeasor here involved may recover full indemnity against his co-tortfeasor if it appears that he has violated no duty toward him. On the contrary, if the tortfeasors are in pari delicto, the statute requires that each must bear his proportionate part of the burden." [citing cases]

See also Brown & Root, Inc. v. United States, 198 F.2d 138 (5 Cir. 1952); Humble Oil & Refining Co. v. Martin, 148 Tex. 175, 222 S.W.2d 995 (1949); Strakos v. Gehring, 360 S.W.2d 787 (Tex., 1962); Gulf, Colorado & Santa Fe Ry. Co. v. Bliss, 368 S.W.2d 594 (Tex., 1963).

■ ■ In the light of the foregoing rule, it is apparent that the right to indemnity as between joint tortfeasors exists only where the tortfeasors are not in *pari delicto*. Therefore, as between themselves, either tortfeasor here involved may recover full indemnity against his co-tortfeasor if it appears

---

1. The jury also found that the truck was delivered to Atlas Truck Lines, Inc., in a defective condition. We interpret the special findings detailed in the text as delineating the responsibilities for the defects in the truck.

that the one seeking indemnity has violated no duty toward the other.

Borg strongly urges that the findings of the jury clearly indicate that White, in failing to provide proper specifications and design for the truck and its components, and in failing to determine the suitability of the clutch for use in the Reo truck, has breached a duty it owed to Borg, thereby placing them in *pari delicto* and precluding White's recovery of indemnity under the prevailing Texas rule. White just as strongly urges that the jury only found it guilty of negligence which constituted a breach of a duty to plaintiffs Beddoe and Atlas, but not guilty of breaching any duty it owed to Borg. Any liability of White to Beddoe and Atlas, it is argued, is purely *derivative*. If so, White would be entitled to full indemnity from Borg under Texas law.

The jury found White guilty of negligence in failing to provide proper specifications and design for the truck and its components. The clutch as such was not *found* defective, although there was expert testimony presented by White that the clutch pressure plate was improperly cast. In spite of such testimony, ample evidence was developed on cross-examination to allow the jury to conclude that the clutch pressure plate was not defective.[2]

■■ In order to resolve the controversy here involved it is necessary to apply judicially the test set forth in Austin Road, and affirmed in other Texas cases, to the facts of this case. An analysis of the findings of the jury in this case does not permit the conclusion that Borg's breach of any duty that it owed to White resulted in White's liability to the plaintiffs, thus entitling White to indemnity. It would be more logical to state, in analyzing the findings of the jury under the facts and in the circumstances of this case, that both Borg and White breached duties to each other, resulting in injuries to the plaintiffs and consequent liability. In order to recover full indemnity the

2. "Q. Let's look at your original since that is right here. Let's just go right over here. I believe you testified this morning that the iron in this clutch pressure plate was all right.
"A. That's right.
"Q. All right, sir.
"A. Chemically and physically.
"Q. That part of the chemical analysis dated in the specifications was met to your satisfaction wasn't it?
"A. Yes, sir.
"Q. In this particular plate that was involved in this accident?
"A. That's right.
"Q. All right, sir. Now then, the only other thing that anything is said about in the specifications given by Borg Warner is the tensile strength?
"A. No, sir.
"Q. What else?
"A. Hardness.
"Q. How about the hardness as shown within your report?
"A. Within specifications.
"Q. So that is all right, right?
"A. Yes, sir.
"Q. Then the only other thing said in the specifications is the tensile strength, right?
"A. Yes, sir.
"Q. All right, sir. Now, what does your report say right here in the last paragraph with reference to the tensile strength? Will you read that to the jury?
"A. Physical or tensile tests were not checked as there was insufficient mass of the sample received to perform such an analysis. It is estimated, however, that the tensile strength of the iron with this analysis would fall within the range of 35 to 40,000 p.s.i., which would *make it very adequate* for the part for which it is intended. (emphasis added)
"Q. All right. This said 35,000, the blueprint?
"A. That's right.
"Q. It was your conclusion from the examination of this particular part that it was between 35,000 and 40,000, wasn't it, Mr. Hangosky?
"A. Yes, sir.
"Q. And that it was very adequate. You used the words 'very adequate for the part for which it was intended'?
"A. Right.
"Q. So under your own analysis, sir, of the part involved in this accident, the clutch pressure plate, your findings satisfied you that this pressure plate met *every requirement* set for it in the specifications on this blueprint, didn't it, sir? (emphasis added)
"A. Yes, sir."

tortfeasor seeking such recovery against his co-tortfeasor can succeed only if he has violated no duty toward the co-tort-feasor. Where the negligence of two or more persons concur in producing a single, indivisible injury, they are liable jointly and severally because each is guilty of wrongful conduct which joined and concurred in bringing about the injury. Both Borg and White did more than merely create a condition under which the other negligently acted. According to the jury findings, the negligent conduct of each was a proximate cause of the injuries inflicted.[3]

White portrays itself as a hapless intermediary who merely failed to detect a flaw in a product that it purchased from a negligent manufacturer (Borg), and passed on unexamined to an unfortunate consumer. The major portion of White's brief is devoted to the proposition that, under Texas law, one whose only transgression is his failure to correct the mistake of another, though he may be liable to the victim of that mistake, is nonetheness entitled to full indemnity from the party whose negligence created the danger.

At one point in its brief White succinctly states its contention as follows:

"The judgment in favor of the plaintiff herein against defendant White rests not upon what it did or failed to do and the findings of negligence against this defendant are sustainable solely because of the acts and omissions of Borg."

It is difficult to reconcile the foregoing contention with the special findings of the jury (and there is no contention that such findings are not adequately supported) that White was negligent in two particulars: (a) in failing to provide proper specifications and design for the truck *and its components*; and (b) in failing to determine the suitability of the clutch for use in the truck. While it is admitted that White was found guilty of the breach of duties it owed to the plaintiffs, it is argued that there was no finding of a breach of any duty owed by it to Borg. On the other hand, it is claimed that the negligence of which Borg was found guilty constituted a breach of a duty both to White and the plaintiffs. In our view, White's portrayal does not accord with the findings of the jury. It does not seem reasonable to conclude that a failure to provide proper specifications and design for the truck and its components was a breach of duty to the plaintiffs only and not to Borg, when Borg was the party from whom the clutch was obtained. Little would have been accomplished by furnishing such information to the plaintiffs.

Under these facts and in these circumstances, we must conclude, after proper application of the rule as set out in Austin Road, Bliss, and Strakos, supra, that the learned trial court erred in awarding White full indemnity against Borg. White and Borg are in *pari delicto*. We have read the Texas cases cited by the appellee, and we find none of them inconsistent with our conclusion. No useful purpose would be served by reviewing them here.

As indicated earlier, the matter of contribution is not an issue on this appeal, and the District Court is free to give whatever consideration to that question it deems appropriate upon proper and timely presentation of such issue. See Art. 2212, Vernon's Annotated Civil Statutes; Austin Road Co. v. Pope, 147 Tex. 430, 216 S.W.2d 563 (1949); Gulf, Colorado & Santa Fe Ry. Co. v. Bliss, 368 S.W.2d 594 (Tex., 1963).

The judgment is reversed and the cause is remanded for further proceedings not inconsistent herewith.

---

3. For example, the jury found both White and Borg guilty of negligence in failing to determine the suitability of the clutch for use in the Reo truck and that the failure of both in that regard (plus the other findings of negligence) was the proximate cause of the injury.