Frank FOGEL, Plaintiff-Appellee,

v.

INTERNATIONAL PAPER COMPA-
NY, Defendant-Third Party Plain-
tiff-Appellee-Appellant,

C & H Transportation Company, Inc.,
Defendant-Third
Party-Defendant-Appellant,

James Robert Combes,
Defendant-Appellant,

Farmers Insurance Group,
Intervenor-Appellee.

No. 74–2489.

United States Court of Appeals,
Fifth Circuit.

Aug. 11, 1975.

John D. Rienstra, Sr., Beaumont, Tex.,
for C & H Transportation Co.

Cleve Bachman, Beaumont, Tex., for
International Paper Co.

Before BROWN, Chief Judge, and
WISDOM and COLEMAN, Circuit
Judges.

COLEMAN, Circuit Judge.

The sole issue in this appeal is whether
on undisputed evidence International Pa-
per Company, appellee, is entitled to in-
demnity against the C & H Transporta-
tion Company and its employee, James
R. Combes.

The District Court committed no error
in holding that it is, so we affirm.

The accident which spawned this per-
sonal injury action occurred on January
18, 1972, on the premises of Internation-
al Paper at Nachogdoches, Texas.
Frank Fogel was an employee of B & H
Welding Company, then performing
maintenance work for International. On
the morning of the accident, Fogel was
awaiting the arrival of a stitching ma-
chine which he was to help install.

Combes, an employee of C & H Trans-
portation Company, had driven C & H's
truck to Nachogdoches for the purpose
of delivering the stitching machine. In-
cluded in the truck load were two H-

beams, lying side by side a few inches from the side of the truck trailer.

When Combes and his loaded truck arrived at the International plant he was met by Phillip Sines, an International employee, who was in charge of special projects. Sines directed Combes where to park the truck in order to unload it and offered assistance in the removal of the canvas and chains which covered and retained the load. With his back to Fogel, Combes was on the truck trailer undoing a chain or a chain binder when one of the H-beams fell from the truck, striking Fogel and crushing his leg.

Sines testified that Fogel had jumped to free a fouled chain and put his hand on the H-beam, causing it to fall over on him. Fogel denied this. The jury, by its verdict in favor of Fogel obviously believed Fogel's version as to what took place in this particular regard. Two eyewitnesses for the plaintiff testified that Combes was on the truck releasing the chains when the H-beam fell on Fogel as he was standing beside the truck.

The jury verdict was for Fogel, against all defendants, including International, in the sum of $461,000.

Subsequently, the Court awarded indemnity to International and against C & H Transportation Company. This produced the appeal.

The indemnity issue boils down to whether there was any conflict in the evidence requiring a determination of the jury as to whether International Paper breached any duty owed C & H which would preclude indemnity. A thorough sifting of the record dictates a negative response.

The only connection which International had with this accident was that it occurred on International premises and its supervisor had directed Fogel and a fellow employee to aid the truck driver, Combes, in the removal of the chains. It is altogether undisputed, however, that it was the responsibility of the truck driver to remove the tarpaulin, the chains, and the binders.[1] It is likewise undisputed that International's responsibility was to unload only after the chains had been removed. Moreover, it is not denied that Combes was still in the process of removing the chains when the beams fell and Fogel was injured.

For the applicable law, see Wheeler v. Glazer, 137 Tex. 341, 153 S.W.2d 449, 451 (1941); Austin Road Company v. Pope, 147 Tex. 430, 216 S.W.2d 563 (1949); Borg Warner Corp. v. White Motor Company, 5 Cir., 1965, 344 F.2d 412; Brown & Root, Inc. v. United States, 5 Cir., 1952, 198 F.2d 138; Humble Oil & Refining Company v. Martin, 148 Tex. 175, 222 S.W.2d 995 (1949); Strakos v. Gehring, 360 S.W.2d 787 (Tex., 1962).

Affirmed.

---

1. On direct examination appellant Combes testified as follows:

"Q. All right, now when you take a load in to be delivered do you do the unloading or is that the consignee who does that?
"A. That would be up to the consignee who ordered the particular load, sir.
"Q. Now it is your responsibility, however, to take your tarp off and take your chains and binders off, is it not, sir?

"A. Yes, sir.
"Q. And at that point then the consignee takes over?
"A. Yes, sir."

A crane or so-called cherry picker was to be used by International to unload the stitching machine once the chain and binders were removed.