**UNITED TRACTOR, INC., Appellant,**

v.

**CHRYSLER CORPORATION, Appellee.**

**No. 6714.**

Court of Civil Appeals of Texas,
El Paso.

March 8, 1978.

Rehearing Denied April 5, 1978.

Law Offices of Guy H. Allison, Jack K. Dahlberg, Jr., Corpus Christi, for appellant.

Clark, Thornton & Summers, Robert B. Summers, San Antonio, for appellee.

OPINION

WARD, Justice.

The sole question before us is whether a manufacturer-assembler, who became liable to an injured third party for negligence in failing to correct a known defect in a component part of the product, was entitled to indemnity from the manufacturer of the component part who became liable to the injured party because of strict liability under Section 402A of the Restatement of Torts 2d. The issue was submitted to the trial Court on stipulation of the facts and indemnity was denied. We affirm.

Jessie Guerrero, Jr., sued the Appellant and the Appellee, alleging that he was injured and damaged when a tow tractor struck him. The tow tractor was manufactured by Appellant, United Tractor, Inc., and contained a motor and throttle linkage manufactured by Appellee, Chrysler Corporation. Prior to the verdict, the Plaintiff settled the case for a total sum of $30,-000.00, with United Tractor paying $7,500.00 and Chrysler paying $22,500.00. It was agreed that the issue of indemnity and/or contribution between United Tractor and Chrysler would be decided by the trial Court in accordance with the stipulated facts that:

(1) Appellee Chrysler designed and manufactured the throttle linkage in a defective condition, unreasonably dangerous to the user or consumer, and such defective condition was a producing cause of the Plaintiff's injuries;

(2) Appellant United Tractor discovered the defect in the throttle linkage and negligently failed to take remedial or corrective action, and such was a proximate cause of the Plaintiff's injuries.

United Tractor filed its cross-action and prayed for indemnity or, in the alternative, for contribution against Chrysler, and alleged that the Plaintiff's injuries were caused by Chrysler's manufacturing and design defects. General allegations were made regarding the basis for this recovery, but, according to the stipulation, Chrysler was liable only under Section 402A. Contrary to certain statements made by the parties in their briefs, contribution is not before us as United Tractor paid the lesser share of the judgment and can complain only of the refusal to indemnify.

Appellant recognizes the proposition that under the common law, as a general rule, joint tort-feasors have no right to indemnity among themselves. However, the Appellant insists that it is within the recognized exception in that it is not in pari delicto with its joint tort-feasor Chrysler, has violated no duty which it owes to Chrysler, and, under the test stated in *Austin Road Co. v. Pope*, 147 Tex. 430 at 435, 216 S.W.2d 563 at 565 (1949), it is entitled to recover against its co-tort-feasor, who in turn has violated a duty which it owed when it sold to it the motor with the defective throttle linkage. See *Strakos v. Gehring*, 360 S.W.2d 787 (Tex.1962); *Heil Company v. Grant*, 534 S.W.2d 916 at 927 (Tex.Civ.App. —Tyler 1976, writ ref'd n. r. e.).

Depending upon the relationship existing between the parties, the theory of recovery sustained by the injured third party, and the theory of recovery used to maintain the recovery of indemnity between the tort-feasors, the manufacturer-assembler has sometimes been entitled to indemnity from the maker of the component part. 3A Frumer and Friedman, Products Liability, Sec. 44.-02(3)(e) (1960). In one case, indemnity was refused where the injured third party recovered against the manufacturer-assembler for negligence for having failed to provide proper specification and design for both the truck and its components. In that case, the injured party recovered against the maker of the part for negligence in failing to determine the suitability of the part in its use in the truck. There, the Court found the parties in pari delicto and refused the indemnity. *Borg Warner Corporation v. White Motor Company*, 344 F.2d 412 (5th Cir. 1965).

In the case now before us, we refuse the request of indemnity under the authority of *General Motors Corporation v. Simmons*, 558 S.W.2d 855 (Tex.1977), and for the same reasons set out therein. In the first place, United Tractor's claim against Chrysler is for the $7,500.00 monetary damage it paid to the injured Guerrero, and is attempting to recover this economic loss under Section 402A of the Restatement of Torts 2d. This item of recovery under that Section is prohibited by *Nobility Homes of Texas, Inc. v. Shivers*, 557 S.W.2d 77 (Tex.1977). In the second place, United Tractor discovered the defect and negligently failed to take corrective action, thus knowingly participating in the creation of the danger which caused the harm to Guerrero. In the third place, Chrysler's liability was based only upon the lesser standard of proof required under Section 402A as compared to the liability of United Tractor, which was based on common law negligence.

The judgment of the trial Court which denied the indemnity is affirmed.