Maria OLIVAREZ, Individually and next friend of Nora Linda Olivarez, Appellants,

v.

BROADWAY HARDWARE, INC., Appellee.

No. 1229.

Court of Civil Appeals of Texas, Corpus Christi.

March 31, 1978.

Rehearing Denied April 20, 1978.

Thomas G. Sharpe, Jr., Brownsville, for appellants.

Paul Q. O'Leary, Sanchez & Benton, Brownsville, for appellee.

## OPINION

NYE, Chief Justice.

This is an appeal from a summary judgment rendered in the 93rd District Court of Hidalgo County which sustained defendant Broadway Hardware, Inc.'s motion predicated on the doctrine of res judicata. Plaintiffs have perfected their appeal to this Court.

The record shows that Maria Olivarez, individually and on behalf of her daughter, Nora Olivarez, sued defendant, Broadway Hardware, Inc., for damages Nora sustained when a pellet rifle sold by the defendant discharged while in the hands of Nora's brother. The pellet lodged in Nora's right eye causing personal injury and damages. Plaintiffs' petition alleged several grounds of strict liability to the effect that the rifle was inherently and imminently dangerous because it had no separate safety lock, and was defectively designed. In addition, the petition alleged negligence on the part of the defendant Broadway Hard-

ware for selling the weapon without giving adequate warnings.

Prior to the filing of this suit, Maria Olivarez, (again as a plaintiff) had instituted a diversity suit in Federal District Court (individually, and on behalf of her daughter, Nora Olivarez), against the pellet gun's manufacturer and distributor, Dianawerk, Mayer & Granmelspacher, and Winchester Western Division of the Olin Corporation, respectively. Plaintiffs contended in the Federal Court action that the rifle was defectively designed because an ordinary person viewing or holding the rifle could not determine whether it was loaded or cocked for firing; and that defendants failed to give adequate written warnings or instructions concerning the use of the pellet rifle which did not contain a separate safety lock. This federal suit was tried before a jury resulting in a take nothing judgment for the plaintiffs based on the jury's general verdict. This suit against Broadway Hardware (the retailer of the pellet gun in question) followed.

Defendant Broadway Hardware's motion for summary judgment was based on the proposition that the facts and issues placed in controversy in the plaintiffs' suit against Broadway Hardware had previously been litigated in plaintiffs' federal suit against the manufacturer and distributor and that the Federal Court's final judgment was res judicata as to the issues represented in plaintiffs' present suit. Defendant's motion for summary judgment was supported by certified copies of plaintiffs' original complaint, the Court's pretrial order setting forth the factual contentions of plaintiffs Olivarez and defendants manufacturer and distributor, the jury's general verdict and the judgment. Plaintiffs filed a reply in opposition to defendant Broadway Hardware's motion contending that the principles of res judicata were not applicable in this particular case. After a hearing, the trial court granted defendant's motion for summary judgment.

Summary judgment may be granted upon a proper plea of res judicata. *DeBord*

v. Muller, 446 S.W.2d 299, 300–301 (Tex. Sup.1969). Applying the familiar summary judgment rules, such a judgment may be upheld only if the record establishes a right thereto as a matter of law and if there exist no genuine issues of material fact to be tried by the fact finder. *Gonzales County Savings & Loan Association v. Freeman*, 534 S.W.2d 903 (Tex.Sup.1976). The question before us on appeal is whether the movant, through proper summary judgment evidence, has met his burden to establish that as a matter of law, there is no genuine issue of fact as to one or more of the essential elements of plaintiffs' cause of action. *Farley v. Prudential Insurance Co.*, 480 S.W.2d 176 (Tex.Sup.1972).

In two points of error on appeal, plaintiffs specifically contend that: 1) the former Federal District Court's judgment is not a bar to the present suit against Broadway Hardware because Broadway Hardware was not a party to the former action; and 2) that there are material issues of fact concerning Broadway Hardware's duty to warn. Defendant Broadway Hardware argues here that, as a retailer of the pellet rifle in question, it is in privity with the manufacturer and distributor who were parties to the prior Federal Court suit and, therefore, summary judgment was proper on the basis of either res judicata or collateral estoppel.

A statement of the traditional general principle of res judicata is as follows:

"[A] question of fact or of law, distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit or action between parties sui juris, is conclusively settled by the final judgment or decree therein, so that it cannot be further litigated in a subsequent suit between the same parties or their privies, whether the second suit be for the same or a different cause of action. *State of Oklahoma v. State of Texas*, 256 U.S. 70, 86, 41 S.Ct. 420, 422, 65 L.Ed. 831 (1920)."

*Hammonds v. Holmes*, 559 S.W.2d 345, 346 (Tex.Sup.1977); *Abbott Laboratories v. Gravis*, 470 S.W.2d 639, 642 (Tex.Sup.1971);

*Marange v. Marshall*, 402 S.W.2d 236, 239–40 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n. r. e.).

There is a difference between the effect of a judgment as a bar against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties or their privies on a different claim or a different cause of action. In the former case, a judgment rendered on the merits constitutes an absolute bar to a subsequent action. As stated by the Supreme Court in *Houston Terminal Land Co. v. Westergreen*, 119 Tex. 204, 27 S.W.2d 526, 527 (1930):

"It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."

Collateral estoppel, often referred to as estoppel by judgment, also operates to prevent a question of law or an issue of fact which has once been litigated and adjudicated in a court of competent jurisdiction from being relitigated in a subsequent suit between the same parties or those in privity with them. *Swilley v. McCain*, 374 S.W.2d 871, 874 (Tex.Sup.1964); *Fireman's Fund Ins. Co. v. Bybee*, 322 S.W.2d 657, 659 (Tex. Civ.App.—Eastland 1959, writ dism'd w. o. j.).

Originally, mutuality was essential to the invocation of collateral estoppel. *Kirby Lumber Corporation v. Southern Lumber Co.*, 145 Tex. 151, 196 S.W.2d 387 (1946). However, the Texas Courts have apparently abandoned the requirement of mutuality and have retained the requirement of privity only to the party against whom the plea of collateral estoppel is made in the second case. See *Hardy v. Fleming*, 553 S.W.2d 790, 792 (Tex.Civ.App. —El Paso 1977, writ ref'd n. r. e.). See also *Seguros Tepeyac, S. A., Compania Mexicana v. Jernigan*, 410 F.2d 718 (5th Cir. 1969), cert. denied, 396 U.S. 905, 90 S.Ct. 219, 24

L.Ed.2d 181 (1969), and compare *Benson v. Wanda Petroleum Co.,* 468 S.W.2d 361 (Tex. Sup.1971). So long as an essential issue of fact has been determined and adjudicated, the judgment therein will estop the parties or their privies from relitigating the same issue in a subsequent suit even though the subsequent suit is couched as a different type of a cause of action. *Benson v. Wanda Petroleum Co.,* supra at 362; *Kirby Lumber Corp. v. Southern Lumber Co.,* supra at 388. The doctrine of collateral estoppel may, where numerous issues of fact are raised in the subsequent action, operate to bar only one or more issues of fact if such fact issues were previously determined in the prior action. On the other hand, if there is only a single issue of fact in the second action on which the judgment hinges, and that fact issue had been previously litigated, the doctrine will also bar in toto the second action. *Hardy v. Fleming,* 553 S.W.2d 790, 793 (Tex.Civ.App.—El Paso 1977, writ ref'd n. r. e.).

To determine the applicability of either of the above mentioned principles to this case, our threshold inquiry is to determine whether Broadway Hardware is in privity with the manufacturer and distributor of the pellet rifle in question. If we answer this inquiry in the affirmative, it is clear that the former federal judgment will bar plaintiffs from prosecuting this second action against Broadway Hardware. *Abbott Laboratories v. Gravis,* 470 S.W.2d 639, 640 (Tex.Sup.1971); *Houston Terminal Land Co. v. Westergreen, supra.* If we answer this question in the negative, we must then consider the extent to which Broadway Hardware can invoke the doctrine of collateral estoppel to the multi-faceted cause of action pled by the plaintiffs. For the reasons stated hereafter, we find that privity does not exist between Broadway Hardware and the former federal defendants. Therefore, the doctrine of res judicata is not applicable.

■ Generally, there is no prevailing definition of privity which can automatically be applied to all cases. *Benson v. Wanda Petroleum Co.,* supra at 363; *Marange v. Marshall,* supra. Section 83 of the Restatement of Judgments (1942) states that a person who is not a party but who is in privity with the parties in an action terminating in a valid judgment is bound by the rules of res judicata. A comment to this section says in part:

> "Privity is a word which expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties. * * * The statement that a person is bound . . . as a privy is a short method of stating that under the circumstances and for the purpose of the case at hand he is bound by . . . all or some of the rules of res judicata by way of merger, bar or collateral estoppel."

Privity is not established by the mere fact that persons may happen to be interested in the same question or in proving the same state of facts. Privity connotes those so connected in law with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right. To determine the question of privity, we must consider the claims that were litigated in the previous federal suit and the relationship of the new defendant in the second suit, Broadway Hardware, to the former defendants, Winchester and Dianawerk. See *Hammonds v. Holmes, supra.*

■ The only relationship between Broadway Hardware and the defendants in the prior Federal Court action is that Broadway Hardware is the retailer in the chain of sale of the pellet gun in question. Broadway Hardware was not a party to the prior action and did not participate in the defense of that action. This type of relationship is not sufficient to meet the technical requirements of privity. The comments to Section 83 entitled "Privies—General Rule" of the Restatement of Judgments (1942) state that the following categories are included within the definition of

"privy": 1) "those who control an action although not parties to it (see § 84)"; 2) "those whose interests are represented by a party to the action (see §§ 85–88)"; and 3) "successors in interest to those having derivative claims (see §§ 89–92)". We have examined each of the categories and their respective sections and find that none of them apply to the relationship between Broadway Hardware and the prior federal defendants. We conclude that the doctrine of res judicata does not apply to completely bar plaintiffs' claims against Broadway Hardware because the necessary unity in identity (privity) between Broadway Hardware and the prior defendants is absent.

In spite of the absence of privity, Broadway Hardware is entitled to invoke the doctrine of collateral estoppel to preclude plaintiffs from relitigating the liability issues which were essential to the Federal Court judgment. The doctrine of collateral estoppel eliminates a portion of plaintiffs' law suit, but it does not completely bar all of plaintiffs' present cause of action against Broadway Hardware as we shall demonstrate.

The plaintiffs, Maria Olivarez and her minor daughter, Nora, were the parties plaintiff to the prior adjudication in Federal Court. The cause in the original federal action was not submitted on special issues and so the jury's general verdict necessarily encompasses either a finding that at least one of the essential elements necessary to establish liability on any of the stated grounds was lacking, or that defendants established all of the essential elements to at least one of their affirmative defenses that would preclude any recovery for the plaintiffs. The general jury verdict then, insofar as the liability issues were concerned, necessarily encompasses a finding that plaintiffs failed to establish one or more of the essential elements to the following claims asserted in that suit: 1) that the pellet gun was negligently designed; 2) that the pellet gun was negligently marketed because it was sold without adequate written warnings and/or instructions; 3) that the pellet gun was inherently dangerous because it was defectively designed; 4)

that the pellet gun was inherently dangerous because it was sold without adequate written warnings and/or instructions; and 5) that one pellet gun was inherently dangerous because it had no separate safety lock. No useful public policy would be served by permitting the plaintiffs to relitigate these identical issues in the present suit. *Seguros Tepeyac, S. A., Compania Mexicana v. Jernigan,* supra; *Hardy v. Fleming,* supra.

Additionally, Section 96 of the Restatement of Judgments (1942) precludes relitigation of some of these issues because Broadway Hardware would have had a right to seek indemnity against the manufacturer and/or distributor for any amount paid by Broadway Hardware (the retailer) to the plaintiffs had these claims been litigated and a judgment had been entered against Broadway Hardware on the claims to which this section applies. See *General Motors Corp. v. Simmons,* 21 Tex.Sup. Journal 57, 61 (Tex.Sup.1977); 3 Frumer & Friedman, Products Liability, Section 44.-02[3][b] (1978); Restatement of Restitution §§ 86–102 (1937).

Broadway Hardware, the one asserting the plea of collateral estoppel, was not as we have held, a party, or in privity with a party to the prior litigation. Nevertheless, Broadway Hardware is entitled to invoke the doctrine of collateral estoppel. This doctrine does not, however, completely bar all of plaintiffs' present suit because there remain some issues pled by the plaintiffs which were not litigated in the prior federal action nor essential to that judgment. In the present suit, plaintiffs' pleadings, to which defendant filed no special exceptions, are sufficient to state a cause of action against Broadway Hardware in negligence. Plaintiffs' petition alleges that Broadway Hardware was negligent when it sold the pellet rifle to the plaintiffs by failing to give adequate warnings. In both suits plaintiffs' pleadings state similar grounds of recovery in negligence against the prior defendants and the present defendant, Broadway Hardware.

In essence, plaintiffs allege a single injury that resulted from the concurrent acts of negligence and by strict tort liability by all three defendants. However, in Texas a plaintiff can bring successive actions against joint tort-feasors subject only to the limitation that the plaintiff can recover only a single judgment. *Borg Warner Corp. v. White Motor Co.,* 344 F.2d 412 (5th Cir. 1965); *Strakos v. Gehring,* 360 S.W.2d 787 (Tex.Sup.1962); *Austin Road Co. v. Pope,* 216 S.W.2d 563 (Tex.Sup.1949); *McGehee v. Shafer,* 15 Tex. 198 (Tex.Sup. 1855). The issues left to be tried then, relate to the general allegations of negligence on the part of Broadway Hardware in selling the pellet gun without an adequate warning.

In general a retailer is under a duty to exercise reasonable care to prevent injury due to a known ·danger. See 2 Frumer & Friedman Products Liability § 18.02; 1 Frumer & Friedman § 8 (1978). Sections 399 and 388 of the Restatement of Torts 2d (1965) impose liability upon a retailer for physical harm caused by the use of the product in the manner for which and by a person for whose use it is supplied, if the retailer: 1) knows or has reason to know that the product is or is likely to be dangerous for the use for which it is supplied, and 2) has no reason to believe that those for whose use the product is supplied will realize its dangerous condition, and 3) fails to exercise reasonable care to inform them of this dangerous condition or the facts which make it likely to be dangerous. Whether a retailer's failure to warn constitutes negligence rests largely upon the circumstances of each case and the question of proximate cause rests largely on the circumstances relating to foreseeability. These issues generally raise questions of fact which should be decided by a Court or jury. *McGuire v. Overton Memorial Hospital,* 514 S.W.2d 79 (Tex.Civ.App.—Tyler 1974), writ ref'd n. r. e., 518 S.W.2d 528 (Tex.Sup.1975); *Upper Valley Aviation Inc.*

*v. Fryer,* 392 S.W.2d 737 (Tex.Civ.App.— Corpus Christi 1965, writ ref'd n. r. e.). See also *Frumer & Friedman* supra at § 8.03.

To affirm the trial court's summary judgment insofar as it relates to the issues of whether Broadway Hardware negligently failed to warn the plaintiffs and whether such failure proximately caused Nora's injuries would be to hold that (under these circumstances) a retailer has no duty to warn purchasers. This we cannot do. Recently, the Supreme Court in abolishing the no duty concept in "premises cases" reaffirmed the general principle, that where negligence is in issue, the reasonableness of each actor's conduct must be determined with regard to the circumstances. See *Parker v. Highland Park, Inc.,* Vol. 21 S.Ct. Journal 188 (1978).

Here the defendant Broadway Hardware failed to meet its burden by showing that there were no genuine issues of material fact as to each controlling issue raised by plaintiff's pleadings. Here, issues of fact exist as to acts of negligence on the part of Broadway Hardware (which are severable from the acts of negligence of the federal defendants) as to the alleged failure under the circumstances, to adequately warn the plaintiff, as well as the attendant other factual issues of foreseeability and proximate cause. The determination of these issues could not have been essential to the general jury verdict rendered in the Federal Court action which absolved only the federal defendants of any liability based on negligence. The determination of Broadway Hardware's negligence, if any, cannot be resolved by the principle of collateral estoppel based on a former action in which the severable negligent acts of only the other federal defendants were at issue.

We, therefore, conclude that all of the remainder of plaintiffs' claims against Broadway Hardware are barred by the doctrine of collateral estoppel and because of § 96 of the Restatement of Judgments[1].

---

1. "(1) Where two persons are both responsible for a tortious act, but one of them, the indemnitee, if required to pay damages for the tort, would be entitled to indemnity from the other, the indemnitor, and the injured person brings

We must point out that plaintiffs have not alleged any independent ground of recovery in strict tort liability against Broadway Hardware for selling an inherently dangerous product. The prior Federal Court action necessarily adjudicated the issues of whether the pellet rifle in question was defective at the time it left the hands of the manufacturer and/or distributor. Plaintiffs did not allege a change in the condition of the pellet rifle after it left the manufacturer or distributor which would have rendered it defective only when it left the hand of the retailer, Broadway Hardware. See *Pittsburg Coca-Cola Bottling Works v. Ponder*, 443 S.W.2d 546 (Tex.Sup. 1969); *Gravis v. Abbott Laboratories*, 462 S.W.2d 410, 415 (Tex.Civ.App.—Corpus Christi 1970), modified on other grounds, 470 S.W.2d 639 (Tex.Sup.1971). The only issues of fact remaining to be determined relate to the above mentioned severable acts of negligence, as narrow as they may be.

Plaintiffs' cause of action against Broadway Hardware for negligently failing to warn is severed from the other claims stated in their petition. The judgment of the trial court is accordingly reversed as to this negligence claim and is remanded to the trial court for trial. The judgment in all other respects is affirmed.

AFFIRMED IN PART, AND REVERSED AND REMANDED IN PART.

an action against the indemnitor because of such act, a valid judgment

   (a) for the defendant on the merits for reasons not personal to the defendant terminates the cause of action against the indemnitee;

(b) for the plaintiff binds him as to the amount of recovery in a subsequent action by him against the indemnitee, but does not bind the indemnitee in any respect. * * *"