Robert S. CUTHERELL et
ux., Appellants,

v.

EXOTIC ISLE COMPANY, Appellee.

No. 1404.

Court of Civil Appeals of Texas,
Corpus Christi.

Oct. 18, 1979.

---

James D. Norvell, Abilene, John L. Russell, Ragan, Russell & Rorschach, Houston, for appellants.

Jimmy D. Ashley, Houston, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal from a suit seeking a permanent injunction in which both sides moved for summary judgment and the court granted the motion of the defendant, Exotic Isle Company. The denial of the injunction by the summary judgment, in effect, permitted the defendant to call a meeting of the Exotic Isle Homeowners Association for the purpose of amending a Declaration of Access Easement and Restrictions to allow an increased assessment on all lot owners in the Exotic Isle subdivision.

The Exotic Isle Homeowners Association and several of its members originally brought this suit and all subsequently appealed. Thereafter, upon the request of all the appellants except Robert S. Cutherell and Suzanne S. Cutherell, we dismissed the appeal as to all appellants except the Cutherells.

A fair summary of the pertinent facts is as follows. Exotic Isle Company, appellee, was formed in order to develop a resort subdivision on an island created by the straightening of the Colorado River. In order to insure uniform use and maintenance of the island, appellee filed a Declaration of Access Easement and Restrictions in the deed records of Matagorda County. This Declaration vested the control of the subdivision in the Exotic Isle Homeowners Association. It provided, among other things, for the creation of a maintenance fund to serve certain needs of the subdivision.

Later, after a dispute arose over the right of control of the Association, the Association and the Company clarified their respective rights in an agreed judgment signed and entered November 24, 1975. The Company agreed in this judgment to relinquish all right of control over the Association except for the right to vote on any issue involving the amendment of the Declara-

tion of Access Easement and Restrictions or the By-Laws (which includes any change in the assessment(s) to be made pursuant to the maintenance fund).

According to the appellee, part of the agreement was to keep the old channel of the Colorado River dredged so as to maintain the status of the development as an island. Silt from the ebb and flow of the tides was causing the old channel to become filled with sand, thus connecting the island with the land to form a peninsula. Appellee contends that this accretion threatened the attraction of the development as an island.

Therefore appellee attempted to call a meeting of the Association to vote on an amendment to the Declaration of Access Easement and Restrictions which would establish an assessment on each lot in the development to pay for the cost of dredging. Appellants obtained a temporary restraining order preventing the convening of such a meeting. At the subsequent hearing for a permanent injunction, both sides moved for summary judgment. The trial judge granted the motion of the defendant-appellee and this appeal followed.

Appellants raise three points of error. Point 1 pertains to the construction of the "Duration" clause of the Declaration. Point 2 raises the question of the doctrine of res judicata acting as a bar to the right of the developer to call a meeting of the Association. Point 3 alleges that the former judgment is subject to two interpretations, thus making it ambiguous and incapable of sustaining a motion for summary judgment.

The central point of contention between the parties in this case is the construction of the "Duration" provision of the "Exotic Isle Declaration of Access Easement and Restrictions" (Article II, paragraph 4) which states:

"The provisions hereof, including the Reservations and Covenants herein set forth, shall run with the land and shall be binding upon Developer, its successors and assigns, and all persons or parties claiming under it for a period of forty (40) years from the date hereof, at which time all of such provisions shall be automatically extended for successive periods of ten (10) years each, unless prior to the expiration of any such period of forty (40) years or ten (10) years the then owners of sixty percent (60%) of Lots in the Subdivision shall have executed and recorded an instrument changing the provisions hereof, in whole or in part."

The parties do not agree on the meaning of this provision.

■ In examining an ambiguous document to determine its true meaning, this Court must look at the entire document to attempt to give "all of its language some effective meaning." *Woods v. Sims*, 154 Tex. 59, 273 S.W.2d 617 (1954). A Houston Court of Civil Appeals did just that in determining the meaning of a duration provision[1] very similar to the one in the case at bar. *Valdes v. Moore*, 476 S.W.2d 936 (Tex. Civ.App.—Houston [14th Dist.] 1972 writ ref'd n.r.e.). In that case, the Court held that the instrument could not ". . . be construed, as a matter of law, as permitting amendment within the first 25 year period." *Valdez v. Moore*, supra at 939. The Court continued:

"A holding to the effect that the restrictions could be so amended would require a resolution of a question of fact in support of such a holding. The existence of such a question of fact would preclude a summary judgment, as here rendered, that depended upon such a construction."

■ Although the duration provisions vary as set out in the two cases, this Court cannot hold that the provision in this case is subject to only one construction as a matter

1. "All restrictions and covenants herein set forth shall continue for a period of twenty-five years from date hereof and shall automatically be extended thereafter for successive periods of ten (10) years; provided, however, that the owners of the majority of these sites may change, modify or omit such restrictions, or any of them, by executing and acknowledging an appropriate instrument in writing, filed with the Office of the County Clerk of Harris County, Texas."

of law. The meaning of the duration in the instrument is a question of fact that the trial court must resolve. As long as this material question of fact exists, it is improper for the trial court to grant a motion for summary judgment. *Valdez v. Moore.*

In that regard, this Court proposes that there are at least three possible. constructions of the duration provision. The liberal construction would permit an amendment of the Declaration whenever 60% of the landowners agree to change the provision. A middle-of-the-road construction would permit the landowners to agree to a change at any time during the 40 year period, but the change could not take effect until after the expiration of 40 years. A conservative construction would not permit any change, or agreement to change, to take place until the expiration of the 40 year period. Only then could a motion to change the provision be commenced. Appellants' point 1 is sustained.

■ The appellants in their point 2 contend that the issue of control and direction of the Association was adjudicated in the judgment of November 24, 1975, in consolidated causes numbered 21,762 and 22,045. They argue that any attempt to exercise control over the Association at present is barred by the doctrine of res judicata. See *Olivarez v. Broadway Hardware, Inc.,* 564 S.W.2d 195 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). And, according to the appellants, the appellee is thus prevented from calling a meeting of the Association because this right was taken from it in the prior judgment.

It is true that many of the rights to oversee and to manage the affairs of the Association were removed from the control of appellee in the prior judgment. The judgment, however, also established that the appellee has certain rights as to any issue involving the amendment of the Declaration of Access Easement and Restrictions or the By-Laws:

"[I]t is ORDERED, that henceforth the Defendants are not to exercise their right to vote in the operation of the EXOTIC ISLE HOMEOWNERS ASSOCIATION except on any issue involving the Amendment of the Declaration of Access Easement and Restrictions, or the By-Laws; (which will include and change in the Assessment(s) to be made pursuant to the Maintenance Fund.)"

This clause clearly gives to the appellee the right to vote in specific cases affecting either an amendment of the Declaration or the By-Laws. Appellants, however, would have us believe that the exercise of this enfranchisement is only valid if some other member of the Association proposes a vote on one of these two matters; that at no time can appellee propose a vote on an issue involving an amendment of the Declaration or the By-Laws and thereby have a right to vote on it. We reject this theory. Appellants' point 2 is overruled.

Point 3 questioning the meaning of the prior judgment between the parties has no merit. The trial court clearly defined the specific instances in which the appellee has the right to participate in the affairs of the Association as we pointed out in our discussion of appellants' point 2. The prior judgment is not subject to more than one construction and, therefore, is not ambiguous. Appellants' point 3 is overruled.

The judgment of the trial court is reversed and the cause is remanded.