**Daniel M. MENDEZ and Wife, Janie Mendez, et al., Appellants,**

v.

**HAYNES BRINKLEY & COMPANY, et al., Appellees.**

No. 04–84–00221–CV.

Court of Appeals of Texas, San Antonio.

Jan. 8, 1986.

Rehearing Denied Feb. 4, 1986.

Jo Chris G. Lopez, Charles R. Shaddox, San Antonio, for appellants.

Hubert W. Green, Richard J. Reynolds, III, San Antonio, for appellees.

Before BUTTS, CANTU and TIJERINA, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a summary judgment in favor of defendants, Haynes Brinkley and Company, Underwriters at Lloyds, and American Security Insurance Company, Haynes Brinkley being the general insurance agent for the other two insurance companies. Plaintiffs, Daniel M. Mendez and wife along with Guadalupe F. Mendez and wife, initially sued Haynes Brinkley & Company and Michael Zuniga, an insurance recording agent, alleging that Zuniga accepted a down payment and note to insure insurance coverage on their real property, an apartment house in Bexar County. In their second amended original petition, filed after the motion for summary judgment, they alleged that Zuniga was the agent for Haynes Brinkley and, as such, could issue and sell binding insurance policies for and in behalf of that company. It was then also alleged that Haynes Brinkley was the authorized agent for Underwriters and American Security and that Zuniga had in the past acted for and on behalf of all three insurance companies. It is undisputed that the original suit was brought only against Zuniga and Haynes Brinkley, and not the other two insurance companies.

In July and August, 1980, after receiving the sum of $358.00 as partial payment for insurance coverage, Zuniga continued to inform the Mendez' that the apartment building was "covered" by fire insurance. In April, 1980, he had said there was a "binder." They received no written contract, however. Zuniga told them the property was insured by Haynes Brinkley and that company had issued "binders." He stated in his deposition the binder was with American Security.

On March 17, 1981, the apartment house was heavily damaged by fire and ordered razed by the City of San Antonio. The plaintiffs through Zuniga submitted a property loss form to Haynes Brinkley. Haynes denied coverage individually and in its capacity as general agent for Underwriters and American Security. Plaintiffs sought to show liability of the three insurance companies through the acts of their alleged agent Zuniga.

Plaintiffs, in late 1981, obtained a default judgment against Zuniga in the sum of $385,000.00. They non-suited Haynes Brinkley at that time. It is this final default judgment which gave rise to the defendants' motion for summary judgment.

The basis of the granting of summary judgment is that the plaintiffs could not prevail in their cause of action because the default judgment findings preclude recovery as a matter of law. Defendants rely specifically upon the doctrine of issue preclusion known as collateral estoppel. The summarized pertinent findings in that judgment, made part of their motion for summary judgment, are:

1. Zuniga misrepresented that his services would result in adequate insurance coverage.

2. Zuniga misrepresented that the Mendez' had an agreement of insurance with Haynes Brinkley and that the agreement conferred upon them the right to insurance protection from Haynes Brinkley.

3. Zuniga misrepresented his authority (as a salesman, representative, or agent) to negotiate for and to bind Haynes Brinkley and to insure the Mendez' apartment house.

4. Zuniga failed to disclose he was not an agent of Haynes Brinkley and that he had not secured insurance "binders" from Haynes Brinkley on behalf of Plaintiffs.

5. Zuniga represented and warranted that he was an agent of Haynes Brinkley and that he was authorized to bind said company, *when in fact he was not.*

6. Zuniga warranted that he had acquired insurance for plaintiffs through Haynes Brinkley, *when in fact he had not acquired such insurance.*

7. Zuniga warranted that the premises were insured *when in fact they were not.*

8. All of said representations were *false.* All of said representations and warranties were made knowingly.

9. Zuniga represented that the premises were insured up to $75,000.00 for loss by fire. After the loss by fire, Haynes Brinkley and Company informed plaintiffs that the premises were not insured. Zuniga's representation was *false.* [All emphasis added.]

In order to obtain a final judgment against Zuniga, plaintiffs non-suited Haynes Brinkley. Subsequently they sued Haynes Brinkley again. In November, 1983, plaintiffs filed their second amended original petition against Haynes Brinkley and the two other insurance companies.

The defendants could properly move for summary judgment based on an affirmative defense, here, collateral estoppel. Their burden was to prove conclusively all the elements of that defense. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). If a defendant is able to prove that at least one element of the plaintiff's case is insufficient, then the defendant's summary judgment should be granted. *See Manoogian v. Lake Forest Corp.,* 652 S.W.2d 816, 818 (Tex.App.—Austin 1983, writ ref'd n.r.e.). Once the defendant produces sufficient evidence to establish his right to summary judgment, in order to avoid the summary judgment, plaintiff must set forth sufficient evidence in his response to give rise to a genuine issue of material fact. *"Moore" Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934, 936 (Tex.1972).

The question on appeal is whether the defendants (the movants), through proper summary judgment evidence, have met their burden to establish that, as a matter of law, there is no genuine issue of fact as to one or more of the essential elements of plaintiffs' cause of action. *See Farley v. Prudential Insurance Co.,* 480 S.W.2d 176 (Tex.1972). In six points of error plaintiffs argue that the trial court erred in granting the summary judgment because the cause of action was not barred, and material issues of fact do exist.

As noted in *Olivarez v. Broadway Hardware, Inc.,* 564 S.W.2d 195, 199 (Tex.Civ. App.—Corpus Christi 1978, writ ref'd n.r. e.), there is a difference between the effect of a judgment as a bar against the prosecution of a second action upon the same claim or demand, and its effect on a different claim or a different cause of action. In the former case, a judgment rendered on the merits constitutes an absolute bar to a subsequent action. *See Houston Terminal Land Co. v. Westergreen,* 119 Tex. 204, 27 S.W.2d 526, 527 (1930).

The Corpus Christi court stated:

Collateral estoppel, often referred to as estoppel by judgment, also operated to prevent a question of law or an issue of fact which has once been litigated and adjudicated in a court of competent jurisdiction from being relitigated in a subsequent suit between the same parties or those in privity with them. (citations omitted) If there is only a single issue of fact in the second action on which the judgment hinges, and that fact issue has been previously litigated, the doctrine will also bar in toto the second action.

In their motion for summary judgment defendants aver that the plaintiffs alleged an almost identical cause of action against Haynes Brinkley and Zuniga as they subsequently alleged against Haynes Brinkley and the two other defendants. The pleadings are attached as summary judgment evidence, and the averment is correct.

■ Mutuality is no longer a requirement in Texas for the invocation of collateral estoppel (identical parties), however, the requirement of privity of parties is retained. *Olivarez v. Broadway Hardware, Inc., supra* at 198. When an essential issue of fact has been determined and adjudicated, the judgment therein will estop the parties or their privies from relitigating the same issue in a subsequent suit. *Id.* at 199. Privity connotes those so connected in law with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right. *Id. See Benson v. Wanda Petroleum Co.,* 468 S.W.2d 361 (Tex. 1971).

■ Collateral estoppel is frequently characterized as issue preclusion because it

bars relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit, regardless of whether the second suit is based upon the same cause of action. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984). A party seeking to invoke the doctrine of collateral estoppel must establish (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Id., citing Benson v. Wanda Petroleum Co., supra; Restatement (Second) of Judgments* § 27 (1982).

■ Essential issues of fact determined and adjudged by a court of competent jurisdiction are binding in subsequent actions between either the same parties or those who stand in privity with them. *Wilhite v. Adams*, 640 S.W.2d 875, 876 (Tex.1982). In this case Haynes Brinkley, although nonsuited in the first case, stood in privity with the alleged agent, Zuniga. Its acts occurred, according to the allegations, only through Zuniga. In turn, it was shown Underwriters could become the insurance risk bearer only after Haynes Brinkley assigned the risk to it. American Security, according to the summary judgment proof, could become a risk bearer only after Zuniga issued a policy in its name, with its policy number. Or Haynes Brinkley, as the general insurance agent, could assign a particular risk to American Security. The summary judgment proof showed these contingencies never occurred.

■ The findings in the judgment of the first case are that Zuniga was not the agent of Haynes Brinkley (for this insurance coverage) and did not obtain insurance from that company. Further he had not secured any "binder" on the apartment house from Haynes Brinkley. He had not acquired any insurance from Haynes Brinkley. The premises were not insured as he had warranted. All of the representations that the premises were insured were false.

It is axiomatic that the principal is bound by and liable for the acts of his agent done with actual or apparent authority from the principal. Plaintiffs, in their response, contend that Zuniga had actual authority from American Security to bind that company and apparent authority from Haynes Brinkley and Underwriters. The summary judgment evidence reflects that Zuniga himself could have issued a policy for fire coverage with American Security as late as July 30, 1980, but that he did not do so. [What he termed a "binder" in his first deposition was in reality not a binder, but was something called a "certificate," which had no legal effect.] His deposition shows he failed to follow recognized insurance custom in his dealings with Mendez. He told Mendez that an insurance policy number had been given, as is the standard procedure, by Haynes Brinkley. This was false. However, his deposition testimony also shows that he never issued an American Security policy number to Mendez. It was never shown that any insurance company accepted the risk. It was never shown that any insurance company ever received payment, or partial payment, for the risk coverage.

Although only Haynes Brinkley and not the other two companies, had been first sued by the plaintiffs, some of the judgment findings were that Zuniga had not acquired insurance from Haynes Brinkley and was not authorized to bind that company; further, more importantly as to American Security, that the premises were not insured, as warranted, and that Zuniga's representation that the premises were insured was false. It can be concluded that Zuniga did not issue a valid binder either from Haynes Brinkley or American Security. Nor was any policy ever issued, nor was a policy number assigned. We agree with the findings of the default judgment that the premises were not insured and that the representations of coverage were false.

The movants (insurance companies) produced sufficient summary judgment evidence sustaining their affirmative defense

of collateral estoppel. The burden of proving the issue of agency relationship, either actual or apparent, rests upon the party asserting agency. The response to the motion for summary judgment relies upon agency to prove liability.

We find that the defendants established their right to summary judgment. We further find that plaintiffs did not produce sufficient summary judgment proof of agency. Since this element of plaintiffs' case is insufficient, granting of the defendants' motion for summary judgment was proper. The response evidence of plaintiffs, after defendants established their right to a summary judgment, did not give rise to a genuine issue of material fact. Sufficient evidence was not adduced to raise the fact issue concerning liability through an agent's acts.

We find the argument of issue preclusion by collateral estoppel of each of the three insurance companies is well taken. The contention that collateral estoppel does not apply to American Security is not persuasive because the judgment states unequivocally that the premises were not insured and the representations by Zuniga that they were insured were false. The conclusion is there was no insurance coverage, by any company, and the assertion that Zuniga may have had the authority as an agent to act for American is of no weight in the face of that reality.

The points of error are overruled.

The judgment is affirmed.