C.A. STANSBURY, et al., Appellant,

v.

CHEMICAL SERVICES DIVISION OF BROWNING-FERRIS INDUSTRIES, INC., Appellee.

No. 09–84–357–CV.

Court of Appeals of Texas, Beaumont.

Jan. 16, 1986.

Rehearing Denied Feb. 6, 1986.

Stephen M. Rienstra, Beaumont, for appellant.

David J. Beck, Houston, for appellee.

## OPINION

DIES, Chief Justice.

In May of 1979, C.A. Stansbury and Brown Brothers brought suit against Chemical Services Division of Browning-Ferris Industries, Inc. ("BFI") in Jefferson County, alleging that BFI discharged chemical in "Rodair Gulley", causing damage to plaintiffs' rice crops.

On May 5, 1980, Ramona Stansbury had sued BFI in Jefferson County essentially alleging the same acts. These suits were consolidated.

On or about the same date that Stansbury and Brown Brothers filed their state court action against BFI, they also filed a suit in federal court at Beaumont against Velsicol Chemical Corporation ("Velsicol"), using virtually the same language and charges they alleged in the state court suit. Velsicol, in a third party action, brought BFI into the case, alleging that if plaintiffs had sustained any damages the same were solely caused by BFI.

The federal court case proceeded to trial. At the conclusion of the evidence, the United States district court judge instructed a verdict in favor of BFI. The claims against Velsicol, however, were submitted to a jury which returned a verdict in favor of Stans-

bury, one of the appellants herein, and against Brown Brothers. The federal district court entered judgment pursuant to the jury verdict. Velsicol appealed the federal court's judgment as to liability and damages. There was no appeal of the instructed verdict in favor of BFI.

The United States Court of Appeals for the Fifth Circuit affirmed the judgment on liability, but reversed and remanded on the issue of damages. The instructed verdict for BFI is not mentioned in the Fifth Circuit's opinion but remains unaffected by the decision. Thereafter, BFI moved for summary judgment in the state courts against Stansbury and Brown Brothers, asserting that their state court suit against BFI is barred by the doctrines of res judicata, collateral estoppel, and judicial estoppel. Likewise BFI moved for summary judgment against Ramona Stansbury. After hearings, both motions were granted by the state district judge. C.A. and Ramona Stansbury have appealed the granting of these summary judgments to this court.

Two points of error are presented to us; they allege the district court erred in granting the summary judgments. We disagree and affirm his order granting the same.

■ C.A. Stansbury's alleged cause of action is barred by the doctrine of res judicata and collateral estoppel. *Gracia v. RC Cola–7–Up Bottling Co.,* 667 S.W.2d 517, 519 (Tex.1984); *Cook v. Burnley,* 45 Tex. 97, 111 (1876); *Theatres of America, Inc. v. State,* 577 S.W.2d 542, 548 (Tex.Civ. App.—Tyler 1979, no writ); *Olivarez v. Broadway Hardware, Inc.,* 564 S.W.2d 195, 198 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

In order for the doctrine of res judicata to bar a subsequent action, there must be:

(1) Rendition of a valid final judgment,

(2) By a court of competent jurisdiction,

(3) Determining a right, question, or fact put in issue and directly determined therein,

(4) Which judgment must have been rendered on the merits of the controversy, and

(5) Identity of either the parties *or their privies.* (emphasis supplied)

*Gracia v. RC Cola, supra; Texas Water Rights Commission v. Crow Iron Works,* 582 S.W.2d 768, 771 (Tex.1979); *Boyne v. Harrison,* 647 S.W.2d 82, 85 (Tex.App.— Austin 1983, writ dism'd); *Rogers v. Port City Barber and Beauty Supply Co.,* 138 S.W.2d 219, 220 (Tex.Civ.App.—Galveston 1940, no writ). All of these elements are present in this case.

■ C.A. Stansbury's suit against BFI is also barred by the doctrines of collateral and judicial estoppel. *Olivarez v. Broadway Hardware, Inc., supra; U.S. Life Corp v. U.S. Life Ins. Co.,* 560 F.Supp. 1302, 1304 (N.D.Tex.1983).

Ramona Stansbury is in privity with her husband. *Grimm v. Rizk,* 640 S.W.2d 711, 715 (Tex.Civ.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.), *cert. denied,* 464 U.S. 1045, 104 S.Ct. 714, 79 L.Ed.2d 177 (1984). What we have held and said in regard to her husband's lawsuit applies to hers.

Appellants' points of error are overruled, and the order of the trial court granting the summary judgment is affirmed.

Affirmed.

BURGESS, Justice, concurring and dissenting.

I concur in the result reached by the majority in Ramona Stansbury's suit, but respectfully dissent to the affirmance in C.A. Stansbury's suit. The majority finds that C.A. Stansbury's suit "is barred by the doctrine of *res judicata* and collateral estoppel."

The summary judgment was granted on September 4, 1984. The *res judicata* was based upon the Federal law suit. It is undisputed the suit was on appeal to the Fifth Circuit Court of Appeals. The appeal was dismissed and the suit became final on March 22, 1985. Thus, the elements of *res judicata* were not complete *at the time* of the summary judgment hearing. There-

fore, the granting of the summary judgment based solely upon *res judicata* cannot be sustained.

I do not believe the issue of collateral estoppel was properly raised in the motion for summary judgment urged against C.A. Stansbury. It cannot, therefore, be raised for the first time on appeal. *State of Cal. Dept. of Mental Hygiene v. Bank of Southwest Nat. Ass'n.*, 163 Tex. 314, 354 S.W.2d 576 (1962).

If collateral estoppel was properly raised I do not believe it is applicable here. An instructed verdict in the federal suit regarding the third party action should not be a determination of the issues between C.A. Stansbury and Browning-Ferris. Stansbury and Browning-Ferris were not adverse *parties* in the federal suit. Stansbury had no control over the quantum of evidence adduced by Vesicol against Browning-Ferris. Stansbury had no standing to object or appeal the instructed verdict. He should not be bound by it. I would reverse the summary judgment against C.A. Stansbury and remand it back to the trial court.