Josefina GRACIA, Appellant,

v.

RC COLA—7–UP BOTTLING CO. OF HARLINGEN, INC., and Artemio Rene Garcia, Appellees.

No. 13–82–324–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 6, 1983.

Rehearing Denied Oct. 27, 1983.

Richard C. Arroyo, Ben R. Neece, Brownsville, for appellant.

Tom Lockhart, Harlingen, for appellees.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a summary judgment denying plaintiff, Josefina Gracia, recovery for damages she allegedly sustained as a result of injuries suffered by her husband and daughter in an automobile collision involving a vehicle owned by the appellee, RC Cola 7-Up Bottling Co. of Harlingen, Inc., and driven by appellee Garcia.

Appellees filed their motion for summary judgment based on the theories of res judicata and accord and satisfaction. The motion was based on a previous lawsuit involving the same parties which ended in an agreed judgment. Appellant Gracia argues that she appeared in the earlier lawsuit only as next friend to her daughter, and, therefore, she should not be prevented from now suing in her own behalf, citing *Hardin v. Hardin*, 1 S.W.2d 708, 710 (Tex.Civ.App.—Eastland 1928, no writ) and *Baber v. Houston National Exchange Bank*, 218 S.W. 156 (Tex.Civ.App.—Galveston 1919, writ ref'd). These cases are not in point.

The agreed judgment entered in the original suit stated that the appellant and her husband "individually, should have and recover of and from the Defendants, RC—7-Up Bottling Co., Harlingen, Texas and Artemio Rene Garcia, the sum of One-hundred Twenty-five Thousand Four-hundred Forty-four and 45/100 Dollars ($125,444.45)." Appellant's daughter, a minor, recovered $124,555.55, making a total recovery of $250,000.00. Under the terms of the judgment, part of the amount recovered by appellant was for outstanding medical bills and expenses incurred for the treatment of her minor daughter. The check was made payable to the appellant, her husband and attorney. The check recited that it was in "full and final settlement."

The general principle of res judicata announced in numerous cases, "is that a right, question, or fact, distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense cannot be disputed in a subsequent suit between the same parties *or their privies,* or with another so identified in interest with such person that he represents the same legal right, the same question, the same particular controversy or issue which has been necessarily tried and finally determined upon its merits by a court of competent jurisdiction in a judgment in personam in a former suit." *Marange v. Marshall,* 402 S.W.2d 236 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n.r.e.) (Emphasis supplied.) See: *Abbott Laboratories v. Gravis,* 470 S.W.2d 639, 642 (Tex. 1971).

The amount that appellant recovered in the first suit for medical expenses incurred for the treatment of the minor child belonged to the parents. *Roth v. Law,* 579 S.W.2d 949 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.) As such, appellant was a party to the prior suit, individually as well as next friend for her minor daughter. She recovered medical expenses as part of the agreed judgment. Her recovery in the prior disputed suit against the same party defendants (by agreed judgment) in a court of competent jurisdiction was a bar to this subsequent suit between the same parties under the doctrine of res judicata.

The judgment of the trial court is affirmed.