Josefina GRACIA, Petitioner,

v.

RC COLA–7–UP BOTTLING CO., et al., Respondents.

No. C–2610.

Supreme Court of Texas.

April 4, 1984.

Rehearing Denied May 2, 1984.

Richard C. Arroyo, Brownsville, for petitioner.

Adams, Graham, Jenkins, Graham & Hamby, Tom Lockhart, Harlingen, for respondents.

BARROW, Justice.

This is a suit for damages allegedly sustained by Josefina Gracia, wife of Odilon Gracia, as a result of a collision between an automobile operated by Odilon and a truck owned by RC Cola-7-Up Bottling Co. of Harlingen, Inc. (the Bottling Company). The trial court rendered a take-nothing summary judgment on the Bottling Company's pleas of res judicata and accord and satisfaction. The court of appeals affirmed. 659 S.W.2d 152. We reverse the judgments of the courts below and remand the cause to the trial court.

On February 29, 1980, a collision occurred between the Bottling Company's truck and the Gracia family car, which was operated by Odilon and in which the couple's minor daughter, Dolores Gracia, was a passenger. Both Odilon and Dolores sustained injuries. Josefina was not involved in the collision. A suit was subsequently filed by "ODILON GRACIA, Individually and with his wife, JOSEFINA GRACIA, as Next Friends of DOLORES GRACIA, minor child" against the Bottling Company and its driver, Artemia Rene Garcia. On July 30, 1981, after three days of testimony, a settlement was reached and an agreed judgment was rendered. This judgment is the basis of the Bottling Company's plea of res judicata.

The July 30 judgment recites that the cause "wherein ODILON GRACIA, Individually and with his Wife, JOSEFINA GRACIA, as Next Friends of DOLORES GRACIA, minor child, are Plaintiffs" came on to be heard and that these parties appeared. No appearance was shown by Josefina individually. The judgment awarded a total of $250,000 to plaintiffs. Of that sum, $124,555.55 was to be paid into the registry of the court for the benefit of the minor child. The remaining $125,444.45 was ordered paid as follows:

[T]he Plaintiffs, ODILON GRACIA and JOSEFINA GRACIA, Individually, should have and recover of and from the Defendants, RC—7-Up BOTTLING COMPANY, HARLINGEN, TEXAS and ARTEMIO RENE GARCIA, the sum of One-hundred Twenty-five Thousand Four-hundred Forty-four and 45/100 Dollars ($125,444.45), said sum including the Fifty-thousand and No/100 Dollars ($50,000.00) in settlement to ODILON GRACIA for all his individual claims for personal injuries and damages, and the remainder of such sum representing Seventy-thousand and No/100 Dollars ($70,000.00) in attorneys' fees and One-thousand Five-hundred Eighty-three and 48/100 Dollars ($1,583.48) in expenses incurred by them and on behalf of the minor, DOLORES GRACIA, in the prosecution of her claim for personal injuries, and Three-thousand Eight-hundred Sixty and 97/100 Dollars ($3,860.97) in outstanding medical bills and expenses incurred by them for the treatment of the minor, DOLORES GRACIA.

The judgment form provided signature spaces for the approval of the parties as well as their attorneys. Significantly, the judgment as originally drafted called for the signature of Odilon Gracia only "as Next Friend of Dolores Gracia" and Josefina Gracia "Individually and as Next Friend of Dolores Gracia." This was changed at the time of signing to reverse the capacities in which the parties signed. Odilon signed "Individually & as Next Friend" and Josefina deleted the phrase "Individually" and signed only "as Next Friend of Dolores Gracia." The $125,444.45 portion of the judgment was satisfied by a draft issued by the Bottling Company's liability insurer.

That draft was made payable to and was endorsed by Odilon Gracia and Josefina Gracia and their attorney Richard C. Arroyo.

About six months later, this new cause was filed by Josefina Gracia individually seeking to recover damages for loss of consortium as a result of the injuries to her husband and for economic loss suffered as a result of staying at the hospital with her injured daughter. The Bottling Company was granted a take-nothing summary judgment. The Bottling Company's motion asserted that the 1981 judgment was res judicata and that the sum paid to Josefina Gracia was an accord and satisfaction of all claims growing out of the accident in question.

In *Whittlesey v. Miller,* 572 S.W.2d 665 (Tex.1978), this Court concluded that one spouse has an independent cause of action for loss of consortium as a result of physical injuries caused to the other spouse by the negligence of a third party. It was further held that the deprived spouse was not barred by the settlement agreement executed by her injured husband. This holding was made applicable to all actions arising after the effective date of that decision. Under this holding, Josefina Gracia has a cause of action for loss of consortium unless barred by res judicata or accord and satisfaction.

■ The doctrine of res judicata states that a cause of action once finally determined between the parties on the merits by a competent tribunal cannot afterward be litigated by new proceedings. The judgment in the first suit precludes a second action by the parties and their privies on matters actually litigated and on causes of action or defenses arising out of the same subject matter that might have been litigated in the first suit. *Texas Water Rights Commission v. Crow Iron Works,* 582 S.W.2d 768, 771–72 (Tex.1979); *Abbott Laboratories v. Gravis,* 470 S.W.2d 639 (Tex.1971).

If Josefina was a party to the first lawsuit, her present claim for loss of consortium was merged into the judgment. She could have asserted that claim in the first suit and thus can not now relitigate it. *See Westinghouse Credit Corp. v. Kownslar,* 496 S.W.2d 531 (Tex.1973); *Griffin v. Holiday Inns of America,* 496 S.W.2d 535 (Tex.1973); *Ogletree v. Crates,* 363 S.W.2d 431 (Tex.1963); *see generally* Steakley and Howell, *Ruminations on Res Judicata,* 28 Sw.L.J. 355 (1974).

■ It is apparent at the outset that Josefina Gracia appeared in the original action only in a representative capacity as next friend of her minor daughter, Dolores. The pleadings clearly so state. In a suit by a "next friend," the real party plaintiff is the child and not the next friend. *Wygal v. Myers,* 76 Tex. 598, 13 S.W. 567 (1890); *Allen v. Roark,* 625 S.W.2d 411, 416 (Tex. Civ.App.—Fort Worth 1981), *rev'd in part on other grounds,* 633 S.W.2d 804 (Tex. 1982); *cf., Loden v. Burgess,* 74 S.W.2d 304, 307 (Tex.Civ.App.—Amarillo 1934, writ ref'd). The limited effect of such an appearance is recognized in the Restatement (Second) of Judgments section 36(2) (1982) as follows: "A party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity."

■ The res judicata question remains however because the judgment purports to award a recovery to Josefina individually. That Josefina was not made a party by the pleadings in the first suit is not critical. No pleadings are required to support an agreed or negotiated judgment, and a party participating in the judgment is barred by the judgment although not joined in the pleadings. *Mullins v. Thomas,* 136 Tex. 215, 150 S.W.2d 83, 84 (1941); *Pope v. Powers,* 132 Tex. 80, 120 S.W.2d 432, 436 (1938). We must therefore construe the judgment to determine whether Josefina was a party to it.

■ It is settled law that the construction of an agreed judgment and a determination of the obligations imposed upon the parties are governed by the rules applica-

ble to contracts generally. *Ex parte Jones,* 163 Tex. 513, 358 S.W.2d 370, 375 (1962); *Conner v. Bean,* 630 S.W.2d 697, 703 (Tex.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex. 1983); *R & P Enterprises v. LaGuarta, Gavrel & Kirk, Inc.,* 596 S.W.2d 517, 518 (Tex.1980). In applying this test to the judgment in dispute, we cannot say that the parties intended for Josefina individually to be bound by this judgment. In view of our recognition in *Whittlesey v. Miller* of an independent cause of action for consortium, the judgment should have clearly disposed of that claim if this was intended.

■ It is true that the judgment purports to award damages to Odilon and Josefina individually. However, each enumerated element of damages recovered is in satisfaction of a claim asserted by Odilon alone. The bulk of the money received under the agreed judgment was. Odilon's separate property. *Graham v. Franco,* 488 S.W.2d 390, 396 (Tex.1972). The small sum awarded for Dolores' outstanding medical bills and expenses was jointly managed community property of Odilon and Josefina. *Id.; Roth v. Law,* 579 S.W.2d 949, 956 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.); Tex.Fam.Code Ann. § 5.22.

All other indications of the parties' intent evidence that Josefina was a party to the judgment as next friend only, not in her individual capacity. This intent is clearly expressed in the style of the judgment and in the recitation of the parties in its first sentence. The purposeful alteration of the judgment form to indicate that Josefina signed only as next friend further shows that she did not participate in the judgment individually. We hold that Josefina's claim in the case at bar is not precluded as a matter of law by principles of res judicata.

■ The Bottling Company also argues that the claim now asserted by Josefina is barred by the doctrine of accord and satis-

faction. This contention is based on the draft issued by the Bottling Company's insurer to Odilon and Josefina and their lawyer. This draft obviously was issued in payment of the agreed judgment in the first suit. In other words, the draft was in satisfaction of the accord set forth in the agreed judgment. Though the check bears the note, "Full: Final settlement," it does not purport to dispose of claims not encompassed by the judgment. It does not recite that it is in full and final settlement of all claims arising out of the accident of February 29, 1980. *Cf. H.L. "Brownie" Choate, Inc. v. Southland Drilling Co., Inc.,* 447 S.W.2d 676 (Tex.1969); *Lloyds v. Burtner,* 436 S.W.2d 611 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n.r.e.). The judgment does not dispose of the claims now asserted by Josefina; therefore, the payment of the judgment does not bar those claims. The Bottling Company's plea of accord and satisfaction fails for the same reasons as its plea of res judicata.

The judgments of the courts below are reversed and the cause is remanded to the trial court.