**Lowell Kendall MOWER, Jr., Appellant,**

v.

**Jack BOYER, Appellee.**

**No. B14–89–698–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 9, 1990.
Rehearing Denied Sept. 13, 1990.

Kathleen W. Osman, Houston, for appellant.

Laura Gibson, Dale F. Carrington, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a judgment on a note. Jack Boyer, appellee, sued appellant Lowell Kendall Mower, Jr., L. Mower, Sr., and Patricia Mower for the alleged nonpayment of a note. Appellant filed a general denial and asserted the affirmative defense of lack of consideration. On appellee's motion, the trial court granted partial summary judgment on all issues except receipt of consideration and attorney's fees. Mower Sr. subsequently died and appellee brought suit in probate court on the same note against his estate. Following a trial on the merits in the probate action, the probate court rendered judgment that appellee take nothing from the estate of Mower Sr.

Appellant then filed a motion for summary judgment in the district court asserting the probate court's judgment had preclusive effect. The district court overruled appellant's motion, held a trial on the merits on the remaining issues, and granted judgment for appellee. In two points of error, appellant contends the trial court erred in not giving res judicata or collateral estoppel effect to the probate court's judgment. We affirm.

In point of error one, appellant contends the district court erred in failing to give res judicata effect to the probate proceeding. Res judicata, or claim preclusion, provides that a judgment in one lawsuit precludes a second action by the parties and their privies not only on the matter actually litigated, but also on causes of action *or defenses* arising out of the same subject matter that might have been litigated in the first suit. *Gracia v. RC Cola–7–Up Bottling Co.*, 667 S.W.2d 517, 519 (Tex. 1984). In the probate proceeding, the estate prevailed by asserting the affirmative defense of satisfaction of the note. However, because appellant failed to raise this defense in response to the *prior* summary judgment proceeding held in district court, we find res judicata precluded appellant from raising it for the first time in probate court. Accordingly, we overrule point of error one.

In point of error two, appellant contends the trial court erred in failing to give collateral estoppel effect to the probate proceeding. Specifically, appellant contends the partial summary judgment was not final and contends collateral estoppel does not preclude the probate proceeding.

The judgment requirement for collateral estoppel does not always require a "final," appealable judgment. *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 385 (Tex.1985). The factors to be *considered* in answering this question are (1) whether the parties were fully heard, (2) whether the decision was supported by reason, and (3) whether the decision was subject to appeal. *Id.* In this case, appellant failed to raise any affirmative defenses in the suit in district court until after the granting of the summary judgment. Based on the pleadings, the district court granted partial summary judgment making the liability issue final for collateral estoppel purposes and precluding the probate court from making a finding on that issue. Accordingly, we find the partial summary judgment "final" for collateral estoppel purposes, and we find the probate proceeding was precluded by the partial summary judgment. We overrule point of error two.

We affirm the judgment of the district court.