Opinion issued July 21, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00149-CV

———————————

National Football League Players Association, Appellant

V.

Blake’s
Bar-B-Q, Inc.,
Appellee

And

Blake’s Bar-B-Q, Inc., Appellant

V.

National
Football League Players Association, Appellee



 



 

On Appeal from the County Civil Court at Law No. 4

Harris County, Texas



Trial Court Case No. 823,708

 



 

MEMORANDUM OPINION

Blake’s Bar-B-Q, Inc.
(Blake’s) appeals from the summary judgment granted in favor of National Football League
Players Association (“NFLPA”).  In
five issues, Blake’s argues that the trial court erred in granting
NFLPA’s traditional and no-evidence motions for summary judgment.  We affirm.

Background

In connection with the 2004
Super Bowl, Blake’s signed an agreement with the Houston chapter of the “National
Football League Players Association, Inc.” to cater “officially sanctioned”
Super Bowl events.  Blake’s agreed to invest $30,000 with the Houston chapter to
fund various unspecified “recreational activities” that the organization was
planning for the days leading up the Super Bowl.  In exchange for its
investment, Blake’s would be able to cater some of these “officially
sanctioned” Super Bowl events.  The agreement
further provided that Blake’s was to be repaid its initial investment plus
additional amounts, depending upon the total gross receipts from such events.  When Blake’s was not
paid, it sued and obtained a default judgment for $50,000 from National
Football League Players Incorporated (“Players”).

After the NFLPA was notified that the default
judgment had been entered against Players (its wholly owned marketing and
licensing subsidiary), both the NFLPA and Players filed bills of review seeking
to set aside the default judgment.  Blake’s
counterclaimed in that bill of review proceeding against both entities, asserting claims
for, among other things, breach of contract and common law fraud.[1]  Blake’s also filed
traditional and no-evidence motions for summary judgment on the contract claim
and the bill of review.  On September 1, 2006 the
trial court denied NFLPA’s bill of review, dismissed Players with prejudice,
and granted Blake’s motion for summary judgment on its breach of contract
counterclaim against NFLPA.

Both NFLPA and Players appealed and on March 6,
2008, this Court issued a memorandum opinion in which we affirmed the portion
of the judgment that dismissed Players with prejudice, denied all relief
requested by NFLPA, reversed the portion of the judgment that granted summary
judgment on Blake’s breach of contract counterclaim against NFLPA, and remanded
the case for “further proceedings limited to Blake’s counterclaims against” NFLPA.  See
Nat’l Football League Players Ass’n v.
Blake’s Bar-B-Q, Inc., No. 01-06-01106-CV, 2008 WL 597605, (Tex. App. —Houston
[1st Dist.] Mar. 6, 2008, pet. denied) (mem. op.).[2] 

Following remand to the trial court, Blake’s
recovered more than $94,000 in funds and interest which Players and NFLPA had
deposited into the registry of the County Clerk in satisfaction of the default
judgment against Players.  Blake’s then
proceeded against NFLPA on its fraud claim and request for exemplary damages.  In October 2009, following the denial of its
motion to compel arbitration, NFLPA filed an interlocutory appeal with this
Court.  During the pendency of that
interlocutory appeal (late April, 2010), NFLPA filed both no-evidence and
traditional summary judgment motions based upon several contentions: no
evidence of fraud damages separate and apart from Blake’s alleged contract damages;
absence of Blake’s “consumer” status pursuant to the DTPA; Blake’s claim for damages arising from the
Participation Agreement, including attorney’s fees and interest, had all been
fully paid; and Blake’s fraud claim was barred by the “one satisfaction rule,”
res judicata, and by merger and bar.[3]

On May 28, 2010, the trial court granted both
NFLPA’s summary judgment motions on all of the grounds asserted.  Blake’s subsequently filed a motion for new
trial that was denied.  Blake’s now
appeals the grant of NFLPA’s traditional and no-evidence summary judgment
motions.  As we have consolidated Blake’s
appeal with the NFLPA’s appeal of the denial of its motion to compel
arbitration under the same cause number, we will consider NFLPA’s conditional
cross-issue regarding arbitration only if we reverse the trial court’s grant of
summary judgment.[4]  

Discussion

Blake’s contends that the trial court erred in
finding (1) “no evidence that Blake’s sustained any fraud damages, separate and
apart from its alleged contract damages, relating to the August, 2003,
Participation Agreement as the basis of Blake’s claims against NFLPA”, (2) “no
evidence that Blake’s is a ‘consumer’ under the Texas Deceptive Trade Practices
Act” because Blake’s abandoned its Texas DTPA claim, (3) “all of Blake’s
damages arising out of the Participation Agreement made the basis of its claims
have been paid in full, including attorney’s fees and interest at the legal
rate,” (4) “Blake’s claims arising out of the Participation Agreement of August
2003, are barred by the ‘One Satisfaction Rule,’” and (5) “all of Blake’s
claims arising out of the Participation Agreement of August 2003, are barred by
Res Judicata and by Merger and Bar.”



 

NFLPA’s Motion for Summary
Judgment   

Our review of a trial court’s grant of summary judgment is de
novo.  Valence Operating Co. v.
Dorsett, 164 S.W.3d 656,
661 (Tex. 2005); Provident Life & Accid. Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex.
2003).  When summary
judgment is sought and granted on multiple grounds, we will affirm
the judgment if any of the grounds are
meritorious.  See Joe v. Two Thirty
Nine Joint Venture, 145 S.W.3d 150, 157 (Tex. 2004); see also O’Donnell v. Smith, 234 S.W.3d 135, 140 (Tex.
App.—San Antonio 2007), aff’d, 288 S.W.3d 417 (Tex. 2009).  

In its motion for summary judgment, NFLPA asserted, inter
alia, that Blake’s
fraud claim was barred by the affirmative defense of res judicata.  Tex. R. Civ. P. 94; W. Dow Hamm III Corp. v.
Millennium Income Fund, L.L.C.,
237 S.W.3d 745, 755 (Tex. App.—Houston [1st Dist.] 2007, no pet.).  A defendant is entitled to summary
judgment based upon an affirmative
defense when the defendant proves all elements of the defense.  Henry v. Masson, 333 S.W.3d 825, 843 (Tex. App.—Houston [1st Dist.] 2010, no
pet.) (citing Havlen v. McDougall,
22 S.W.3d 343, 345 (Tex. 2000)).  If the
movant conclusively establishes that the action is barred by res judicata, the
non-movant must then adduce summary-judgment proof raising a fact issue in
avoidance of that affirmative defense.  See Motient Corp. v. Dondero, 269 S.W.3d
78, 82 (Tex. App.—Dallas 2008, no pet.); see
also KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp., 988 S.W.2d 746,
748 (Tex. 1999).

NFLPA argues that
Blake’s fraud claim is barred by the doctrine of res judicata, or claim preclusion, which bars parties and their privies from
re-litigating matters addressed in a previous suit, as well as claims “‘which,
through the exercise of diligence, could have been litigated in a prior
suit.’”  Getty Oil Co. v. Ins. Co. of
N. Am., 845 S.W.2d 794, 799
(Tex. 1992) (quoting Barr v. Resolution Trust Corp., 837 S.W.2d 627, 631 (Tex.
1992)).  We apply the transactional
approach to res judicata, which requires that claims arising from the same
subject matter to be litigated in a single lawsuit.  Barr, 837 S.W.2d at 631. 

To be entitled to summary judgment on the affirmative defense
of res judicata, the movant must establish (1) a prior final judgment on the
merits by a court of competent jurisdiction; (2) the same parties or those in
privity with them; and (3) a second action based on the same claims as were
raised or could have been raised in the first action.  Travelers Ins. Co. v. Joachim, 315 S.W.3d 860, 862 (Tex. 2010); Amstadt
v. U.S. Brass Corp., 919
S.W.2d 644, 652 (Tex. 1996).  “The
judgment in the first suit precludes a second action by the parties and their
privies on matters actually litigated and on causes of action or defenses
arising out of the same subject matter that might have been litigated in the
first suit.”  Joachim, 315 S.W.3d at 862 (quoting Gracia
v. RC Cola–7–Up Bottling Co.,
667 S.W.2d 517, 519 (Tex. 1984)).  In
short, the doctrine of res judicata bars the re-litigation of claims that have
been finally adjudicated or that could have been litigated in the prior
action.  See Igal v. Brightstar Info.
Tech. Grp., Inc., 250
S.W.3d 78, 86 (Tex. 2008).

The summary judgment evidence presented by
NFLPA conclusively
established each of the elements of the affirmative defense of res judicata.  The
default judgment signed by the trial court, the court of appeals’ opinion
affirming the trial court’s judgment, and proof of payment in satisfaction of
the default judgment are contained in the summary judgment record.  Thus, the fact that a final judgment on the
merits was rendered by a court of competent jurisdiction against Players and in
favor of Blake’s in the prior action is conclusively established.  The summary
judgment record also contains the affidavits of Douglas F. Allen, the Assistant
Executive Director of the NFLPA, and Pat Allen, the Executive Vice President
and Chief Operating Officer of Players, which were filed in the bill of review
proceeding.  These affidavits establish
the necessary privity between Players (the party against whom the default
judgment was rendered in the prior action) and NFLPA (the party against whom
Blake’s is now asserting a claim for fraud). 


Finally, comparing Blake’s counterclaim for fraud against
NFLPA in the current proceeding with its original petition in the prior
action—both of which are included in the summary judgment record—it is
clear that Blake’s fraud claims in the current action arise out of the same
subject matter—the Participation Agreement—and could have been litigated in the
prior proceeding.  Because NFLPA
conclusively established that the action is barred by res judicata, Blake’s had
to adduce summary-judgment proof raising a fact issue in avoidance of that
affirmative defense.  See Motient Corp., 269 S.W.3d at 82.

Blake’s argues that
NFLPA failed to establish its entitlement to summary judgment on this affirmative defense
because res judicata does not apply
to its fraud claim.  Relying upon Griffin v. Holiday Inns of America, 496 S.W.2d 535 (Tex. 1973) and Voskamp v. Arnoldy, 749 S.W.2d 113 (Tex.
App.—Houston [1st Dist.] 1987, writ denied), Blake’s argues that in order for res
judicata to apply, the cause of action asserted in the subsequent action must
be “substantially similar” to the issues presented in the prior action and his
current action for fraud is not “substantially similar” to his prior breach of
contract claim.  This, however, is no
longer the test for res judicata.  See Barr, 837 S.W.2d at 631 (adopting transactional approach to res
judicata, which requires claims arising out of same subject matter to be litigated
in single lawsuit).  Blake’s further
argued that it could not have brought its fraud claim in the prior proceeding
because it did not learn that a fraud had been perpetrated against it until
after the default judgment was entered. 
Blake’s, however, adduced no summary-judgment proof in support of this
argument and thus, failed to raise a fact issue on this point.  Accordingly, we affirm the trial court’s grant of
NFLPA’s motion for summary judgment on the affirmative defense of res judicata.

Having affirmed the trial court’s grant of
NFLPA’s motion for summary judgment on the affirmative defense of res judicata,
we need not address whether the court’s grant of NFLPA’s motion for summary
judgment on the remaining grounds was also proper. 

Conclusion

We affirm the judgment of the trial court.

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Higley and Sharp.  

 











[1]           Blake’s
later filed an amended counterclaim in which it (1) abandoned its claims
against third-party defendant Charles W. Taylor, and (2) asserted a claim for
breach of contract and corresponding attorney’s fees, as well as a claim for
treble damages under the Texas Deceptive Trade Practices Act (“DTPA”) against NFLPA—all of which were subsequently abandoned.  Blake’s also asserted a claim for common law
fraud and corresponding exemplary damages against NFLPA.  These are the
only remaining claims in this case. 





[2]           In our opinion we stated that the effect of the 2006 final judgment was that all
relief requested in the bill of review was denied and that neither NFLPA nor
Players objected in the trial court to denial of their bill of review, but
instead filed a motion for reconsideration challenging the award of the
counterclaim on the grounds that it was an impermissible double recovery and
the evidence was legally and factually insufficient to support the summary
judgment.  As these are the only
complaints preserved for appellate review, we restricted our consideration of
NFLPA’s issues accordingly.





[3]           In its
response, Blake’s acknowledged that it abandoned its DTPA claim and was
proceeding solely on its claims against NFLPA for fraud and exemplary
damages.  Nevertheless, the trial court
granted summary judgment on all of the grounds asserted by NFLPA including this
one.  





[4]           If
this Court affirms the trial court’s grant of summary judgment, NFLPA’s conditional cross-issue regarding arbitration
will be moot, and there will be no reason to address the issue.