Opinion issued March 8, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00242-CV

———————————

ALBERT LEE GIDDENS, A
PROFESSIONAL LEGAL CORPORATION, Appellant

V.

VICTORIA HALE RISINGER, Appellee

 

 



On Appeal from the 11th District Court

Harris
County, Texas

Trial
Court Cause No. 2010-49110

 

 



MEMORANDUM OPINION

          We
deny appellant’s motion for rehearing.  See Tex.
R. App. P. 49.3.  We withdraw our January
26, 2012 opinion, substitute this opinion in its stead, and vacate our January
26, 2012 judgment.

Appellant, Albert Lee Giddens, A
Professional Legal Corporation, challenges the trial court’s rendition of
summary judgment in favor of appellee, Victoria Hale Risinger, in Giddens’s
suit against Risinger for breach of contract. 
In three issues, Giddens contends that the trial court erred in granting
Risinger summary judgment, Giddens raised material fact issues on Risinger’s
affirmative defenses, and Risinger did not specifically plead her affirmative
defenses.       

          We
affirm.

Background

          Risinger’s
husband was killed in an automobile collision in 2002.  Shortly thereafter, Risinger retained Giddens
to represent her and her two minor children in a wrongful-death lawsuit against
the driver who caused the collision.  On
September 8, 2004, the wrongful-death lawsuit was settled for $1,350,000, with
$220,000 of that paid to Giddens for attorney’s fees.  At the Minor Settlement Conference, Risinger
testified that she had originally agreed to pay Giddens 40% of any recovery but
Giddens had agreed to reduce his fee to approximately 16.2%, or $220,000.  

          On
September 8, 2006, Risinger, alleging that Giddens had committed legal
malpractice in the wrongful-death lawsuit, filed a separate lawsuit against
Giddens, individually, his former law firm, Smyrl & Giddens, and his former
law partner.  Risinger contended that
Giddens had convinced her that she needed an attorney to represent her in a wrongful-death
lawsuit against the insurance company for the negligent driver, Giddens told
her that if she did not hire her own lawyer “the court would appoint one
anyway,” and Giddens represented other claimants in the wrongful-death lawsuit
who had conflicting interests.  Risinger
sought to recover as her damages the attorney’s fees that she had paid to
Giddens in the initial lawsuit.  Giddens
did not file any counterclaims.  On
February 22, 2010, Risinger submitted an Unopposed Motion to Dismiss with
Prejudice her legal-malpractice lawsuit, which was signed by both her and
Giddens’s attorneys.  On March 1, 2010,
the trial court dismissed the legal-malpractice lawsuit with prejudice.

          Approximately
five months later, after the parties had entered into the agreed order to
dismiss Risinger’s malpractice lawsuit, Giddens, on August 9, 2010, filed the
underlying breach-of-contract lawsuit against Risinger.  Giddens alleged that he and Risinger had
renegotiated the percentage of attorney’s fees that he was to receive from the
wrongful-death lawsuit and Risinger breached this agreement by subsequently
bringing her legal-malpractice lawsuit. 
Giddens sought as his damages the “lost profits” from his original
contingent-fee contract, which Giddens characterized as the “difference between
the original agreed upon attorney’s fees and the reduced attorney’s fees.”  

Risinger filed an answer generally
denying Giddens’s claim.  Risinger then filed
a summary-judgment motion, contending that Giddens’s breach-of-contract claim
failed as a matter of law because Giddens had agreed to accept the reduced
amount of fees as memorialized by a written agreement, Giddens’s claim was
barred by the statute of limitations, and Giddens’s claim was barred by res
judicata.  In support of her motion, Risinger
attached to it a copy of the transcript from the Minor Settlement Conference
establishing that Giddens had agreed to the reduced fees.  She also attached to her motion her affidavit
in which she testified that her husband was a passenger in a Jeep that was
being driven by his friend at the time of the collision, the Jeep rolled over
when the driver attempted a dangerous maneuver, her husband was killed
instantly, the driver admitted fault within hours of the collision, and the
driver agreed to admit this to his insurance company.  She explained that Giddens had contacted her shortly
after the collision, Risinger told Giddens that she intended to negotiate directly
with the driver’s insurer, and she signed a contract with Giddens based upon
him telling her that she “had to hire counsel.” 
Risinger further testified that, unbeknownst to her, Giddens also
represented other wrongful-death claimants in regard to the collision.  She subsequently filed her legal-malpractice lawsuit
against Giddens, Giddens did not file any counterclaims, and she agreed to
settle the legal-malpractice lawsuit. 
Risinger also attached to her motion a copy of the petition that she had
filed in the legal-malpractice lawsuit and the motion to dismiss.   In support of her res judicata argument,
Risinger asserted that Giddens’s breach-of-contract claim “arose from the same
transaction” and “operative facts” giving rise to Risinger’s legal-malpractice
claim, Giddens’s claim was a compulsory counterclaim, and the claims should
have been tried concurrently.  

          In
his response, Giddens asserted that Risinger breached the contract when she became
“unhappy with the renegotiated contract” and filed the legal-malpractice lawsuit.  Giddens argued that res judicata did not bar
his breach-of-contract claim because “Albert Lee Giddens, a Professional Legal
Corporation” was not a party in Risinger’s legal-malpractice lawsuit.

The trial court granted Risinger’s
summary-judgment motion.

Standard of Review

To prevail on a summary-judgment
motion, a movant has the burden of proving that he is entitled to judgment as a
matter of law and there is no genuine issue of material fact.  Tex. R.
Civ. P. 166a(c); Cathey v. Booth,
900 S.W.2d 339, 341 (Tex. 1995). When a defendant moves for summary judgment, he
must either (1) disprove at least one essential element of the plaintiff’s
cause of action or (2) plead and conclusively establish each essential element
of his affirmative defense, thereby defeating the plaintiff’s cause of action.  Cathey,
900 S.W.2d at 341.  When deciding whether
there is a disputed, material fact issue precluding summary judgment, evidence
favorable to the non-movant will be taken as true.  Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985).  Every reasonable inference must be indulged in
favor of the non-movant and any doubts must be resolved in his favor.  Id.
at 549.

Res Judicata

          In
his second and third issues, Giddens argues that the trial court erred in
granting summary judgment on the ground of res judicata because “Albert Lee
Giddens, A Professional Legal Corporation” was not a party to the legal-malpractice
lawsuit brought by Risinger and she did not plead the affirmative defense of
res judicata in her answer.  

Res judicata is an affirmative
defense that bars relitigation of claims that have been finally adjudicated or
that arise out of the same subject matter and that could have been litigated in
the prior action.   Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996); Tex. R. Civ. P. 94.  Texas applies the transactional approach to
res judicata, “which requires claims arising out of the same subject matter to
be litigated in a single lawsuit.”  Hallco Tex., Inc. v. McMullen County, 221
S.W.3d 50, 58 (Tex. 2006); see also Gracia v. RC Cola–7–Up Bottling Co., 667
S.W.2d 517, 519 (Tex. 1984) (“The judgment in the first suit precludes a second
action by the parties and their privies on matters actually litigated and on
causes of action or defenses arising out of the same subject matter that might
have been litigated in the first suit.”).  The doctrine of res judicata “serves vital
public interests” by promoting the finality of judgments and prevents needless,
repetitive litigation.  Hallco Texas, Inc., 221 S.W.3d at 58.

The transactional approach mandates
that a defendant bring as a counterclaim any claim arising out of the
transaction or occurrence that is the subject matter of the opposing party’s
suit.   State
and County Mut. Fire Ins. Co. v. Miller, 52 S.W.3d 693, 696 (Tex. 2001).   A counterclaim
can be characterized as compulsory if: (1) it is within the jurisdiction of the
court; (2) it is not at the time of filing the answer the subject of a pending
action; (3) the claim is mature and owned by the defendant at the time of
filing the answer; (4) it arose out of the same transaction or occurrence that
is the subject matter of the opposing party’s claim; (5) it is against an
opposing party in the same capacity; and (6) it does not require the presence
of third parties over whom the court cannot acquire jurisdiction.  Ingersoll-Rand
Co. v. Valero Energy Corp., 997 S.W.2d 203, 207 (Tex. 1999); Tex. R. Civ. P. 97(a).  A claim having all of these elements must be
asserted in the initial action and cannot be asserted in later actions.  Id.  

A party relying on res judicata
must prove (1) a prior final determination on the merits by a court of
competent jurisdiction; (2) identity of parties or those in privity with them;
and (3) a second action based on the same claims as were or could have been
raised in the first action.  Travelers Ins. Co. v. Joachim, 315
S.W.3d 860, 862 (Tex. 2010).  Parties can
be in privity in at least three ways: (1) they can control an action even if
they are not parties to it; (2) their interests can be represented by a party
to the action; or (3) they can be successors in interest, deriving their claims
through a party to the prior action.  Amstadt, 919 S.W.2d at 652 (citing Getty Oil Co. v. Insurance Co. of N. Am.,
845 S.W.2d 794, 800 (Tex. 1992)).  

          Giddens
challenges the application of Risinger’s affirmative defense of res judicata only
by asserting that the there is no identity of parties between the defendant in Risinger’s
legal-malpractice lawsuit, which was against Giddens, individually, and the
plaintiff in the breach-of-contract lawsuit, i.e., “Albert Lee Giddens, A
Professional Legal Corporation.”  Giddens
asserts that the compulsory counterclaim rule does not apply because he was not
“already in the lawsuit.”  

Although the record is not entirely
clear on Giddens’s reasons for bringing this breach-of-contract lawsuit against
Risinger in the name of “Albert Lee Giddens, a Professional Legal Corporation,”[1] Giddens brought his suit within
five months from the date that he had agreed to the dismissal of Risinger’s legal-malpractice
lawsuit against him.  The agreed motion
to dismiss the lawsuit identified Giddens as the defendant.  We conclude that the summary-judgment record
establishes that there is an identity of parties in both Risinger’s legal-malpractice
lawsuit and Giddens’s breach-of-contract lawsuit.  See
Amstadt, 919 S.W.2d at 652 (“Privity
exists if the parties share an identity of interests in the basic legal right
that is the subject of litigation.”).  The
original attorney contract was made between Risinger and “Albert Lee Giddens,
Attorney at Law.”  Risinger brought her
legal-malpractice lawsuit against Giddens, and the record demonstrates that
Giddens’s interests were represented in the prior action.  Accordingly, we hold that the trial court did
not err in granting Risinger’s summary-judgment motion on the ground of res
judicata. 

In regard to Giddens’s complaint
that Risinger did not plead her affirmative defenses in her answer, Giddens did
not make this objection in the trial court, and he has waived his complaint
regarding Risinger’s pleading defect.  See Roark v. Stallworth Oil and Gas, Inc.,
813 S.W.2d 492, 495 (Tex. 1991) (“If the non-movant does not object to a
variance between the motion for summary judgment and the movant’s pleadings, it
would advance no compelling interest of the parties or of our legal system to
reverse a summary judgment simply because of a pleading defect.”).  

We overrule Giddens’s second and
third issues.  Accordingly, we need not
reach Giddens’s first issue, in which he argues that there are fact issues on
the essential elements of his breach-of-contract claim.

 

 

 

Conclusion

          We
affirm the judgment of the trial court.  

 

 

                                                                    Terry Jennings

                                                                   Justice 

 

Panel
consists of Justices Jennings, Sharp, and Brown.











[1]
          “Albert Lee Giddens, a Professional Legal
Corporation” is, presumably, the name of the entity under which Giddens
currently practices law.  

 

In his motion for rehearing, Giddens asserts that “Albert Lee Giddens, A
Professional Legal Corporation” was established on October 18, 1979.  He has attached to his motion a certificate
of incorporation, which is not included in the appellate record, that states
that “Albert Lee Giddens, a Professional Legal Corporation” was incorporated in
1979.  Based upon this certificate,
Giddens challenges our holding that there is an “identity of parties in both
Risinger’s legal-malpractice lawsuit and Giddens’s breach-of-contract
lawsuit.”  

However,
the summary-judgment record demonstrates that Giddens represented Risinger in
the wrongful-death lawsuit.  The original
attorney contract was made between Risinger and “Albert Lee Giddens, Attorney
at Law.” Giddens signed the petition as Risinger’s attorney, and his signature
block indicates that he represented Risinger while working as an attorney at
Smyrl & Giddens, LLP.  Risinger
brought her legal-malpractice lawsuit against Albert Lee Giddens, Smyrl &
Giddens, LLP, and R. Michael Smyrl, who was apparently Giddens’s former law
partner at the law firm of Smyrl & Giddens, LLP.  

Risinger
included in the summary-judgment record an affidavit in which she testified
that “Albert Lee Giddens” contacted her shortly after her husband was killed in
the automobile collision, she signed a contract with Giddens based upon his
representations that she had to retain an attorney for the matter, and Giddens
served as her attorney at a 2004 hearing in which the wrongful-death lawsuit was
settled.  Risinger also testified that,
in 2006, she sued Giddens for legal malpractice arising from his representation
of her in the wrongful-death lawsuit, Giddens did not file any counterclaims,
she and Giddens agreed to settle this lawsuit, the parties’ settlement was
completed on February 22, 2010, and the legal-malpractice lawsuit was dismissed
with prejudice.  It is undisputed that,
approximately five months later, “Albert Lee Giddens, A Professional Legal Corporation,”
brought the underlying lawsuit against Risinger.  It is also undisputed that the
breach-of-contract claims brought by Giddens in the underlying lawsuit
necessarily arose from Giddens’s representation of Risinger in the
wrongful-death lawsuit and Risinger’s subsequent legal-malpractice lawsuit
against Giddens, which the parties settled and the trial court dismissed with
prejudice. 

There
is no mention in the original attorney agreement, the documents from the
wrongful-death lawsuit, the documents from the legal-malpractice lawsuit, or
Risinger’s affidavit of a legal corporate entity identified as “Albert Lee
Giddens, A Professional Legal Corporation.” 
There is also nothing in the record to contradict Risinger’s affidavit
testimony or the other documentary evidence demonstrating that Risinger
retained, and was represented by, Giddens in the wrongful-death lawsuit and
Risinger and Giddens settled Risinger’s legal-malpractice lawsuit against him
in late February 2010.  There is also no
dispute that Giddens made no attempt to file against Risinger, in her
legal-malpractice lawsuit, the underlying breach-of-contract claims, which
Giddens subsequently attempted to assert in the instant lawsuit filed by
“Albert Lee Giddens, A Professional Legal Corporation,” just five months
later.  Finally, the record before us
demonstrates that, whatever the factual basis of his breach-of-contract claims,
Giddens could have asserted any such claims in Risinger’s legal-malpractice
lawsuit.

Giddens
offers no explanation as to why Risinger is not entitled to the application of
the doctrine of res judicata.  He has
simply asserted his breach-of-contract claims in the name of a legal corporate
entity that was not identified in his original attorney agreement with
Risinger, and this agreement necessarily forms the basis of any
breach-of-contract claim against Risigner. 
Giddens also provides no explanation as to why he would be entitled to
bring his claim in the name of a legal corporate entity that was never
identified as a party to the dispute in any of the pleadings from the multiple
prior lawsuits.  Thus, regardless of when
Giddens formed the entity “Albert Lee Giddens, A Professional Legal
Corporation,” the summary-judgment record firmly establishes that there is an
identity of parties in both Risinger’s legal-malpractice lawsuit and Giddens’s
breach-of-contract lawsuit and Giddens’s interests were represented in the
prior action.