*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



## OPINION

No. 04-11-00629-CV

**HARDING BARS, LLC** d/b/a The Aquifer Bar; Ramsey-White Bars, LLC d/b/a Kennedy's
Public House; and Robert Stinziano;
Appellants

v.

Kaylie **MCCASKILL**; Martin Viesca and Sandra Viesca, as Legal Heirs and Personal
Representatives of Karla Viesca, Deceased;
Appellees

From the 293rd Judicial District Court, Maverick County, Texas
Trial Court No. 11-01-26198-MCV
Honorable Cynthia L. Muniz, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  June 13, 2012

DISMISSED FOR LACK OF JURISDICTION

        In an opinion and judgment dated February 1, 2012, we dismissed this appeal for want of

jurisdiction.  Two of the appellants filed motions for rehearing.  We deny the appellants'

motions; however, we withdraw our opinion and judgment of February 1, 2012, and issue this

opinion and judgment in its place.  This is an interlocutory appeal from a trial court's order

denying appellants' motions to transfer venue. Appellees contend this appeal should be dismissed for lack of jurisdiction. We agree and dismiss the appeal for want of jurisdiction.

## BACKGROUND

On October 17, 2010, Kaylie McCaskill was a passenger in an automobile driven by Robert Stinziano. According to McCaskill, Stinziano was intoxicated when he drove on the wrong side of the road and ran a red light, broadsiding a vehicle driven by Karla Viesca, the daughter of Martin and Sandra Viesca ("the Viescas"). The accident resulted in Karla's death and injuries to McCaskill. Prior to this, McCaskill asserts Stinziano was provided alcohol at the bars owned by Harding Bars, LLC and Ramsey-White Bars, LLC in Bexar County. The accident occurred in Bexar County, Texas.

McCaskill filed suit in Maverick County, Texas against Stinziano, the Viescas "as legal heirs and personal representatives of Karla Viesca, deceased," Harding Bars, and Ramsey-White Bars. Her suit claimed negligence on the part of both Stinziano and Karla, but she asserted actions under the Dram Shop Act against the Bars. At the time of the suit, the Viescas were the only defendants residing in Maverick County. Stinziano resided in Bexar County and Harding Bars and Ramsey-White Bars' principal places of business were located in Bexar County. The Viescas filed an answer to this lawsuit. The other defendants, Stinziano, Harding Bars, and Ramsey-White Bars, each filed a motion to transfer venue to Bexar County. Subsequently, the Viescas "Individually and as Representatives for the Benefit of all Persons Entitled to Recover for the Wrongful Death of Karla M. Viesca, deceased," filed a "cross action" in Maverick County against Stinziano, Harding Bars, and Ramsey-White Bars asserting a survival claim and a wrongful death claim. The trial court denied the motions to transfer venue to Bexar County.

**DISCUSSION**

On appeal, appellants assert the trial court erred in denying their motions to transfer venue from Maverick County to Bexar County. However, as a threshold issue, we must first determine whether this court's appellate jurisdiction is properly invoked. Appellees argue this appeal must be dismissed for lack of jurisdiction in accordance with section 15.064 of the Texas Civil Practice and Remedies Code ("the Code"). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064 (West 2002). In response, appellants argue this court has interlocutory jurisdiction pursuant to section 15.003(b) and (c) of the Code. *See id.* § 15.003(b)–(c) (West Supp. 2011).

Generally, interlocutory appeal is unavailable from a trial court's determination of a venue question. *Id.* § 15.064(a) ("The court shall determine venue questions from the pleadings and affidavits. No interlocutory appeal shall lie from the determination."). Consequently, a party normally must wait until a final judgment occurs to appeal an erroneous ruling regarding venue. *Id.* § 15.064(b); *Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999); *Elec. Data Sys. Corp. v. Pioneer Elecs. (USA) Inc.*, 68 S.W.3d 254, 257 (Tex. App.—Fort Worth 2002, no pet.).

On the other hand, when a case involves multiple plaintiffs, wherein plaintiffs are included by joinder, intervention, because the lawsuit was begun by more than one plaintiff, or otherwise, section 15.003 establishes a limited right of interlocutory appeal to contest a trial court's venue determination. TEX. CIV. PRAC. & REM. CODE § 15.003(b)–(c); *Abel*, 997 S.W.2d at 601; *Elec. Data Sys. Corp.*, 68 S.W.3d at 257. Subsection (b) of section 15.003 "allows an interlocutory appeal of a trial court's determination that (1) a plaintiff did or did not independently establish proper venue, or (2) a plaintiff that did not independently establish proper venue did or did not establish the four requirements of subsection (a)." *Sw. Bell Tel. Co.*

*v. Superior Payphones, Ltd.*, No. 13-05-661-CV, 2006 WL 417423, at \*2 (Tex. App—Corpus Christi Feb. 23, 2006, pet. dism'd); *see* TEX. CIV. PRAC. & REM. CODE § 15.003(b).

Here, appellants argue this court has jurisdiction to hear the interlocutory appeal because the Viescas were defendants in their representative capacities but were cross-claimants in their individual capacities. In other words, appellants argue the Viescas' cross-claim was in effect a "joinder" as a second set of "plaintiffs" in the original action because individual and representative capacities are separate and distinct. Appellants contend that an appearance in a suit in one capacity does not include an appearance in the other capacity unless both capacities are specifically named in the suit.[1] As a result, appellants contend this court has jurisdiction to hear the interlocutory appeal under section 15.003. We disagree.

Here, McCaskill's suit was instituted against the Viescas both as legal heirs and as personal representatives of Karla Viesca, deceased; the Viescas brought their cross-claim both individually and as representatives for all persons entitled to recover for Karla's wrongful death. There is no dispute the Viescas are the only legal heirs of their deceased daughter, Karla. Thus, as legal heirs *and* as individuals, the Viescas are the same persons both defending McCaskill's suit and pursuing their own counterclaim.

Additionally, both McCaskill's and the Viescas' claims against Stinziano, Harding Bars, and Ramsey-White Bars are alleged to involve the same series of events. *See* TEX. R. CIV. P. 97(e) ("A pleading may state as a cross-claim any claim by one party against a co-party arising

---

[1] As support for this argument, appellants rely on *Gracia v. RC Cola-7-Up Bottling Co.*, 667 S.W.2d 517, 518 (Tex. 1984), in which a party appeared in the first lawsuit as next friend of an injured child and, several months later, the party filed a second action individually, seeking recovery on a claim of loss of consortium. *Id.* at 519. The defendant was granted summary judgment on this new action on the grounds that the judgment in the previous case and the doctrine of res judicata barred recovery by the party individually. *Id.* The Texas Supreme Court, however, held that the party had appeared only in a representative capacity in the first action, and that her claims as an individual could not be subsequently barred in the second action. *Id.* We believe this case is distinguishable from the facts in the present case. In *Gracia*, the party was never a plaintiff in the original lawsuit—she was only in the original lawsuit as a next friend for her minor child. *See id.* at 518. In contrast, the Viescas, as legal heirs, were named defendants in McCaskill's suit and were not simply representing their daughter.

out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein."); *Centerpoint Energy Houston Elec., LLC v. Brunkenhoefer*, No. 09-03-492 CV, 2004 WL 256836, at *3 (Tex. App.—Beaumont Feb. 12, 2004, no pet.).  Similarly, the record does not demonstrate the trial court realigned the parties so as to make McCaskill and the Viescas multiple plaintiffs.

We conclude the Viescas' cross-claim did not transform them into "plaintiffs" because they were sued by McCaskill and brought their cross-claim in the same capacities—individually as legal heirs and as personal representatives of Karla's estate.  As such, venue for their cross-claim is established in section 15.062(a) of the Code which reads, "Venue of the main action shall establish venue of a counterclaim, cross claim, or third-party claim properly joined under the Texas Rules of Civil Procedure or any applicable statute."  TEX. CIV. PRAC. & REM. CODE § 15.062(a).  Thus, jurisdiction of this court to hear the interlocutory appeal was not invoked under section 15.003(c).  Accordingly, we hold we do not have jurisdiction over this appeal.

## CONCLUSION

Based on the foregoing, we dismiss the appeal for want of jurisdiction.

Sandee Bryan Marion, Justice