

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-16-00271-CV

PEDISON USA, INC. AND                                             APPELLANTS
DICKSON EWEMADE

V.

CNC CONSTRUCTION INC.                                             APPELLEE

----------

### FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 048-263530-13

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Although the procedural history of this case has some twists and turns, the dispositive facts are straightforward. The notice of appeal filed by Appellants Pedison USA, Inc. and Dickson Ewemade recites that they perfected this

---

[1]*See* Tex. R. App. P. 47.4.

interlocutory appeal pursuant to Texas Civil Practice and Remedies Code Section 15.003(c). *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.003(c) (West Supp. 2016). Because, for the reasons set forth below, we hold that we lack jurisdiction over this interlocutory appeal, we will dismiss it.

## II. PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

Appellee CNC Construction Inc., a defendant in the suit below, filed third-party claims against Appellants. Appellants filed answers and pleas to the jurisdiction.[2] Sixteen months later, Appellants filed a motion to sever the third-party claims and to transfer venue to Dallas County.[3] Subsequently, the original plaintiff dismissed the suit against all defendants, leaving only the third-party claims pending in the trial court. After a hearing, the trial court signed an order denying Appellants' motion to sever and transfer venue. Appellants then filed their notice of appeal.

## III. VENUE FOR APPELLEE'S THIRD-PARTY CLAIMS AND NO INTERLOCUTORY APPEAL UNDER SECTION 15.003(C)

Texas Civil Practice and Remedies Code Section 15.062, titled, "Counterclaims, Cross Claims, and Third-Party Claims," provides that: "(a) Venue of the main action shall establish venue of a counterclaim, cross claim, or

---

[2]Appellant Pedison USA, Inc. also filed suit against Appellee CNC Construction Inc. in Dallas County. That suit was abated.

[3]Appellants' motion to transfer venue did not allege any mandatory venue provisions; it simply alleged venue was proper in Dallas County under section 15.002(a)'s general venue provision. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a) (West 2002).

third-party claim properly joined under the Texas Rules of Civil Procedure or any applicable statute." Tex. Civ. Prac. & Rem. Code Ann. § 15.062(a) (West 2002). Thus, when Appellants were joined as third-party defendants, venue was determined by the main action—which was pending in Tarrant County. *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988); *In re Cty. of Galveston*, 211 S.W.3d 879, 882 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (holding section 15.062 third-party-venue provision controlled over other mandatory venue provision); *see also In re Perryman*, No. 14-13-00131-CV, 2013 WL 1384914, at *2 (Tex. App.—Houston [14th Dist.] Apr. 4, 2013, orig. proceeding) (mem. op.) (same).

Although Appellants' notice of appeal alleges that this interlocutory appeal is authorized by Texas Civil Practice and Remedies Code Section 15.003, it is not. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.003. Section 15.003 is titled, "Multiple Plaintiffs and Intervening Plaintiffs." *Id.* It requires, "[i]n a suit in which there is more than one plaintiff, whether the plaintiffs are included by joinder, by intervention, because the lawsuit was begun by more than one plaintiff, or otherwise," that each plaintiff "independently of every other plaintiff, establish proper venue." *Id.* An interlocutory appeal is authorized only from a trial court's determination of whether a plaintiff independently established proper venue or met the requirements prescribed by subsections (a)(1)–(4). *Id.*

The lawsuit in the trial court is not a suit in which there is more than one plaintiff. Appellee sued Appellants as third-party defendants. Section 15.003 is

3

inapplicable to a defendant's third-party claim against third-party defendants. *See Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 558 n.16 (Tex. 2014) ("[A] third-party plaintiff . . . is not a 'plaintiff' but a '*defendant* suing a non-party.'"); *see also Harding Bars, LLC v. McCaskill*, 374 S.W.3d 517, 520 (Tex. App.—San Antonio 2012, pet. denied) (holding that cross-claim did not transfer party into a "plaintiff" because party was already part of the suit). Section 15.062 governs venue of third-party claims, not section 15.003. *See Hopson v. Dallas ISD*, No. 05-02-01819-CV, 2003 WL 402881, at *2 (Tex. App.—Dallas Feb. 24, 2003, pet. denied) (mem. op.) (holding that joinder of third–party claims is governed by section 15.062, not section 15.003).

Accordingly, no statutory authority exists for Appellants' interlocutory appeal of the trial court's denial of their motion to sever and transfer venue of the third-party claims.[4] *See, e.g., CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011) (recognizing that appellate courts lack jurisdiction over interlocutory appeals in the absence of a statutory provision permitting such an appeal); *Am. Home Prods. Corp. v. Clark*, 38 S.W.3d 92, 96 (Tex. 2000) ("[N]o interlocutory appeal shall lie from a trial court's determination of a venue question."); *Progressive Cty. Mut. Ins. Co. v. Anderson*, No. 05-10-00103-CV, 2010 WL

---

[4]Likewise, the issues raised by Appellants do not comport with a section 15.003(c) appeal. Appellants four issues complain that Appellee did not properly join Appellants as third-party defendants, that Appellants' motion to sever and transfer venue was not untimely filed, that Appellee's filing of an amended pleading allowed venue to be challenged, and that the trial court erred by considering a response filed by Appellee.

716426, at *1 (Tex. App.—Dallas Mar. 3, 2010, no pet.) (mem. op.) (holding that order denying motion to sever is not appealable by interlocutory appeal).

## IV. CONCLUSION

Having determined that we lack jurisdiction over this interlocutory appeal from the trial court's denial of Appellants' motion to sever and transfer venue, we dismiss this appeal.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  WALKER, GABRIEL, and SUDDERTH, JJ.

DELIVERED:  November 23, 2016

5